[No. 14742. Department One. — December 2, 1892.]

## SARAH B. BOGART, APPELLANT, v. JAMES WOOD-RUFF ET UX., RESPONDENTS.

HUSBAND AND WIFE — NOTE OF WIFE — JUDGMENT — SATISFACTION FROM SEPARATE ESTATE. — A promissory note of a wife, made after marriage, is a transaction by her respecting property, within the meaning of section 158 of the Civil Code, and a judgment thereon may properly be rendered against her, but can be satisfied only out of her separate estate. The same is true of a judgment rendered against her after marriage upon a note executed by her before marriage.

ID. — JUDGMENT AS CONTRACT OF MARRIED WOMAN. — A judgment is one form of a contract, and a married woman may suffer a judgment to be rendered against her, such judgment being only enforceable against her separate estate.

ID. — NON-JOINDER OF HUSBAND — WAIVER OF OBJECTION — ACTION UPON JUDGMENT. — If a wife suffers a judgment to be rendered against her in an action in which she is a sole defendant, without making any objection to the non-joinder of her husband, whether such judgment is rendered after a trial on the merits or by default, the objection is waived, and she is bound by the judgment to the extent of her separate estate, and cannot thereafter, in an action upon the judgment, make the objection of such non-joinder.

ID. — MISNOMER OF WIFE — JUDGMENT IN MAIDEN NAME — NOTE GIVEN BEFORE MARRIAGE. — A judgment against a wife, in an action against her alone, in her maiden name, upon a note given by her in such maiden name before marriage, is not void because of misnomer in describing her by her maiden name, instead of by the name of her husband, she being sufficiently identified by the name under which she was sued.

ID. — FORM OF JUDGMENT AGAINST MARRIED WOMAN. — In an action upon such judgment, brought against the wife by her married name and her husband, the judgment should provide that it be enforced out of her separate estate.

APPEAL from a judgment of the Superior Court of Mendocino County.

The facts are stated in the opinion of the court.

*J. A. Cooper,* and *J. E. Pemberton,* for Appellant.

The objection that the husband of the defendant was a necessary party should have been taken by demurrer, and a failure to demur was a waiver of the objection. (Code Civ. Proc., secs. 430, 434; Dicey on Parties, rule 60; Freeman on Judgments, sec. 150; Pomeroy on Remedies and Remedial Rights, sec. 287; *Heinlen* v. *Heilbron,* 71 Cal. 560.)

XCVI. CAL.—39

*J. M. Mannon*, for Respondents.

The defendant should have been sued by her hus-'band's name. (Code Civ. Proc., secs. 407, 426.) These :sections of the code are mandatory. (*Lyman* v. *Milton*, .44 Cal. 630.) When a married woman is a party to an .action such as this, her husband must be joined with her. (Code Civ. Proc., sec. 370; *Keller* v. *Hicks*, 22 Cal. .462; 83 Am. Dec. 78; *Tell* v. *Gibson*, 66 Cal. 247; *McFad-*·den v. *Santa Ana etc. R'y Co.*, 87 Cal. 465.) The community property is liable for the debts of the wife ·contracted before marriage. (*Van Maren* v. *Johnson*, 15 Cal. 308; *Vlautin* v. *Bumpus*, 35 Cal. 215.)

The COURT. — The female defendant, before her marriage with the other defendant, being indebted to plaintiff, gave her promissory note to secure such indebtedness. About eight months after the marriage, the plaintiff brought suit upon the note, before a justice of the peace, .against the wife alone, in her maiden name. She was then, and ever since the marriage had been, living with her husband. The summons was served upon her, and .as she did not appear and defend, judgment went against her by default, June 25, 1885. This action, against both husband and wife, was commenced June 16, 1890, upon ·that judgment. The court found in accordance with the ·foregoing statement of facts, and that no part of the .judgment against the wife had been paid, and from such facts, as a conclusion of law, that the defendants were entitled to judgment. The conclusion of the learned .judge seems to have been based upon the proposition that the judgment against the wife on which this suit ·was brought was void, for two reasons: 1. Because of the misnomer; and 2. Because the husband was a necessary party, without whom, in such an action, the court could not obtain jurisdiction of the person of the wife.

Section 158 of the Civil Code provides that the wife may enter into any engagement or transaction respecting property which she might if unmarried; and under the provisions of this section it has been held that a

promissory note of the wife, made after marriage, is a transaction by her respecting property, and that a judgment can be rendered against her upon such promissory note. (*Marlow* v. *Barlew*, 53 Cal. 456; *Alexander* v. *Bouton*, 55 Cal. 15; *Goad* v. *Moulton*, 67 Cal. 536.)   But as the community property is not liable for the contracts of the wife made after marriage (Civ. Code, sec. 167), such judgment can be satisfied only out of her separate estate, as may also a judgment against her upon a contract made before her marriage.

A judgment is one form of a contract, and by virtue of the provisions of section 158 of the Civil Code, a married woman may suffer a judgment to be rendered against her, as well as she may execute a promissory note.   Such judgment, however, can be enforced only against her separate estate, as can a judgment upon her promissory note, and upon such judgment an action may be brought in the same mode as upon her promissory note.

Section 370 of the Code of Civil Procedure provides that when a married woman is a party, her husband must be joined with her, except in certain specified cases, which are inapplicable to the present suit.   The husband is a necessary party defendant, and the failure of the plaintiff to make him a defendant would defeat his right of recovery, if the objection be properly presented.   One of the grounds of demurrer to the complaint is, that there is a defect of parties defendant; and it is further provided, that if no objection be taken to the defect of parties defendant, either by demurrer or answer, the defendant must be deemed to have waived the same. (Code Civ. Proc., sec. 434.)   If the wife suffers a judgment to be rendered against her in an action in which she is a sole defendant, without making any objection to the non-joinder of her husband, whether such judgment is rendered after a trial on the merits or by default, she is bound by the judgment to the extent of her separate estate, and cannot thereafter, in an action upon such judgment, make the objection of such non-joinder, which should have been presented in the former action.   Any

attempt, however, to enforce that judgment against the community property or the property of the husband could be resisted by him, as he has not had his day in court. In an action thereon, as in an action upon the promissory note of the wife, the judgment should provide that it be enforced out of her separate estate.

The objection upon the misnomer of the wife is without merit, as she was sufficiently identified by the name under which she was sued.

The judgment appealed from should be set aside, and a judgment entered against the wife, enforceable, however, only against her separate property, and it is so ordered.