[S. F. No. 1142.   Department One.—April 8, 1899.]

P. SVETINICH, Appellant, v. TIMOTHY SHEEAN et al.,
Respondents.

HUSBAND AND WIFE—JOINT DEED—SEPARATE PROPERTY OF HUSBAND.—
Where a joint deed was made to a husband and wife, it may
be shown that the property was purchased with his separate
means, and is his separate property, and that the husband per-
mitted the conveyance to be made to them jointly, solely to
enable the better management and care thereof by the wife
during his absence from home as an officer in the United States
navy, and not as a gift to the wife in whole or in part, and
that she has no estate therein.

ID.—INVALID EXECUTION SALE AGAINST WIFE.—The property so held
cannot be sold on execution against the wife individually,
whether it be the separate property of the husband, or com-
munity property.

ID.—PRESUMPTION AS TO COMMUNITY PROPERTY.—Prior to the amendment
of section 164 of the Civil Code in March, 1889, property con-
veyed for a money consideration to either or both of the spouses
was deemed to be community property, in the absence of proof
to the contrary.

APPEAL from a judgment of the Superior Court of Solano
County and from an order denying a new trial.   A. J. Buckles,
Judge.

The facts are stated in the opinion of the court.

Marcus Rosenthal, for Appellant.

John H. Durst, for Respondent Timothy Sheean.

James A. Stevens, for Respondent Eliza Sheean.

VAN DYKE, J.—This is an action to quiet title to a certain
lot in the city of Vallejo, Solano county.   The title claimed
by the plaintiff is founded upon a sheriff's deed.   The plaintiff,
September 30, 1895, obtained a judgment against the defendant
Eliza Sheean, in the city and county of San Francisco, and upon
this judgment levied upon the right, title, and interest of said
defendant Eliza Sheean in and to said lot, and under said judg-
ment and levy, March 2, 1896, a sale was made by the sheriff
of Solano county of said interest to the plaintiff in said action,

who is the plaintiff here. No redemption having been made, the deed in question was executed October 17, 1896. Defendants, answering, denied any title in the plaintiff, and alleged that the title and ownership of said property are in the defendant Timothy Sheean; and said Timothy Sheean, in a separate answer and by way of cross-complaint, sets forth that said lot was purchased by his separate means, and, although the deed was taken in the name of himself and his wife, it was his separate property and so understood at the time. The court finds that the said Timothy Sheean permitted said deed of conveyance to be made to said Timothy Sheean and Eliza Sheean jointly, solely in order to enable the better management and care thereof, and not as a gift in whole or in part to said Eliza Sheean; that the said Timothy Sheean was absent from home a great deal of the time in the service of the United States as an officer in the navy; that the said Timothy Sheean is the owner of said property in fee simple to his own separate use and benefit, and that the defendant Eliza Sheean has no interest or estate therein; that the plaintiff had notice and knowledge of the rights and estate of defendant Timothy Sheean in said property, and notice and knowledge that any title, estate, or interest therein or thereto held by said Eliza Sheean was held in trust for defendant Timothy Sheean.

The evidence abundantly supports the findings.

The first error assigned by the appellant is the refusal by the court to allow the plaintiff to testify as to a conversation had with Mrs. Sheean, in the absence of her husband, as to the ownership of the property. What Mrs. Sheean may have said in the absence of her husband could not bind him, nor affect his title to the property. Besides, the plaintiff, on being recalled, was allowed, without objection, to state as follows: "I am the purchaser of said property under the execution sale. . . . . Down to the time of the sheriff's sale I did not know that the defendant Timothy Sheean claimed that the undivided one-half thereof standing in his wife's name was held by her in trust for him, or that he claimed said one-half to be his own property. I had no notice of that from any source. Nobody told me anything of the kind. The only information I had about it was from Mrs. Sheean, who told me that she owned the property—

that it belonged to her." He was, however, notified at the time of the sale, as he inferentially admits, that the defendant Timothy Sheean claimed the property, and therefore he did purchase with notice. (*Bank of Mendocino v. Baker,* 82 Cal. 114.)

The record shows: "It was here admitted by plaintiff that it was a fact that at all times since said conveyance by Catherine Reynolds (the grantor of the defendants) the property had been assessed for state and county and town taxes to the defendant Timothy Sheean; that the tax receipts for said property ran to Mr. Sheean right along, but plaintiff objected to the admission of evidence of that fact on the ground that the same was irrelevant, incompetent, and immaterial." The appellant makes the point that the court erred in admitting this evidence. It was admitted for the purpose of meeting an issue made by an affirmative allegation in the cross-complaint, to wit: "This defendant further alleges that he is now and for more than five years last past has been the owner of said parcel of land, and has been in the open, notorious, and exclusive possession thereof, and adverse to all persons whatsoever, and has paid for more than five years last past all taxes of every kind and description levied thereon." The finding of the court supports this allegation.

The conveyance from Catherine Reynolds running to Timothy Sheean and his wife was dated February, 1886, and was at once put on record in Solano county. At that time, and up to the amendment of section 164 of the Civil Code, in March, 1889, it had been repeatedly held by this court that property conveyed for a money consideration to either or both of the spouses was deemed community property. (*Ramsdell v. Fuller,* 28 Cal. 43; 87 Am. Dec. 103; *Jordan v. Fay,* 98 Cal. 264; *Gwynn v. Dierssen,* 101 Cal. 563.)

Appellant makes the point that the notice at the sheriff's sale stated that the property was claimed as community property on the part of defendant Timothy Sheean, and also as a homestead, whereas there was no valid homestead. But, if it had been community, instead of separate, property of Timothy Sheean, as found by the court, still it would not be subject to execution and sale on a judgment obtained against Eliza Sheean individually.

The judgment and order denying a new trial are affirmed.

.Harrison, J., and Garoutte, J., concurred.