[Sac. No. 1211.   Department Two.—May 7, 1907.]

## CHARLES HARTSON, Appellant, v. MRS. A. DILL et al., Respondents.

WATER-RIGHTS—EFFECT OF PRIOR DECREES.—In an action commenced in the year 1900, involving the respective rights of the plaintiff and the defendants to the waters of the Susan River, in Lassen County, *held,* that two certain prior decrees rendered by the superior court, in the years 1893 and 1899, in actions in which the present parties were joined, were determinative of their present rights, and that under such decrees the defendants had the right, during the period from June 20th to August 1st of each year, to exclude, if they saw fit, the waters of the Susan River from entering the so-called Big Slough and thence passing down it to the plaintiff's land through the so-called Hartson Slough.

ID.—EVIDENCE AS TO INTERPRETATION OF DECREE INADMISSIBLE.—In such action, evidence as to what the parties to the first decree, which was entered in pursuance of a stipulation, understood its scope to be is inadmissible, as the decree itself determined that matter. Nor was any custom existing in the locality or adopted by the parties prior to the decree respecting the use of such waters during said periods of any moment.

ID.—PRESCRIPTIVE RIGHT—INTERMEDIATE DECREES.—In the present action the trial court did not err in refusing to allow the plaintiff to prove that he had acquired a prescriptive right as against the defendants to have the waters of said Susan River flow down through the Big Slough, and thence to the Hartson Slough, during the period from the entry of the first decree in 1893 and the entry of the second decree in 1899, where it appears that in the action resulting in the decree of 1899 the plaintiff had set up the same prescriptive right, and that it had been determined against him by that decree.

APPEAL from a judgment of the Superior Court of Lassen County and from an order refusing a new trial. Stanley A. Smith, Judge presiding.

The facts are stated in the opinion of the court.

H. D. Burroughs, for Appellant.

Garoutte & Goodwin, for Respondents.

LORIGAN, J.—This is an action for damages for the alleged wrongful diversion of water, and to quiet title to rights asserted to the use thereof.

Judgment went for the defendants in the trial court, and this appeal is from said judgment and an order denying the motion of plaintiff for a new trial.

The waters involved are those of the Susan River in Lassen County. A portion of the waters of that river leave the main channel and pass down what is known as the "Dill" and "Van Noten" sloughs to their junction, where they form what is known as the Big Slough. The waters flowing into said Big Slough are taken therefrom by all of the parties to this action for irrigation and domestic use. The defendants by means of dams in the Big Slough and ditches leading therefrom first take the waters from said slough, and lower down through what is known as the Hartson Slough, a minor slough diverging from said Big Slough, the plaintiff takes

such waters as defendants are not entitled to. The defendants also, by dams constructed at points near the head of the "Dill" and "Van Noten" sloughs, prevent the waters of Susan River, between June 20th and August 1st of each year, from passing into such sloughs and thence into the Big Slough, and by means of ditches divert it directly from the river to their lands. These dams at the heads of the sloughs are so arranged that all, or nearly all, of the waters can be made to pass down the sloughs or down the river at pleasure. The sole point involved in this case is as to the right of defendants to exclude said waters, during the above dates, from entering the Big Slough and reaching the lands of plaintiff by way of the Hartson Slough diverging therefrom.

This general statement is all that is necessary to be made for the purpose of considering the question arising on this appeal, because, in our judgment, the rights of the respective parties to the use of the waters here involved are to be determined by the construction to be given to the terms of two separate decrees of the superior court of Lassen County, entered in suits between these same parties, and relative to their respective rights to the use of these same waters.

It appears from the record that, in 1890, dissensions having arisen between them as to their rights to the use of these waters, the defendants here (plaintiffs there) brought an action against various parties, including the plaintiff in this present suit—J. D. Byers, Mrs. A. Dill et al. *v.* Charles Hartson et al.—to have their rights determined. Upon a stipulation entered into between the parties, a decree was entered in 1893, in which, among other things, it was determined "That plaintiffs (defendants here) severally own the water-rights connected with said river and the sloughs making therefrom as described in the complaint and as against the defendant Hartson have the right to divert and use said waters upon their said lands as heretofore appropriated by them as alleged, subject to the rights of the defendant Hartson as hereinafter specified. That plaintiffs also own dams and bulkheads across those sloughs above their said lands known as and called the Dill and Van Noten sloughs, which sloughs unite and form what is commonly known as the Big Slough. That said dams and bulkheads are at the heads of said sloughs where the same leave said river. That plaintiffs have the

right to maintain said dams and bulkheads and thereby to regulate the flow of the water down said sloughs for the use of the plaintiffs or any one or number of the plaintiffs, and have the right to exclude all the waters of said river from said sloughs from and after the tenth day of May in each and every year, and to compel during said time all of said water to flow down the main channel of Susan River onto their several lands. That from the twentieth day of June to the first day of August in each year they have the right to use said sloughs or any part of said sloughs as a waterway through which to turn from their said several lands all or any portion of said waters, and that the defendant shall not in any manner interfere with the exercise of any of said rights by plaintiffs or any of the plaintiffs." The decree then sets forth the ownership of certain lands by Hartson, and proceeds: "That a branch from the aforesaid Big Slough (the Hartson Slough) runs to and across the defendants' said land, that prior to the tenth day of May in each and every year the defendant Hartson is entitled to have one fourth of all water flowing down said Big Slough to a point thereon where the plaintiffs have a bulkhead.

"That from the tenth day of May to the twentieth day of June in each and every year the said Hartson shall have one fourth of the water flowing down to said point, provided that his said one fourth shall not exceed at any part of said time fifty inches of water measured under a four-inch pressure or its equivalent, one cubic foot per second, and provided further that in times of extreme drouth, when plaintiffs require the water, his said one fourth shall not during said time exceed twenty-five inches of water so measured.

"That from the 20th day of June to the first day of August in each and every year the said defendant (Hartson) may have all the water which the plaintiffs or any of the plaintiffs shall turn from their or any of their said lands down said slough towards this defendant's said premises. That from and after the 1st day of August in each year the said defendant shall have one fourth of all water permitted by the plaintiffs to flow down said slough to the point of division as aforesaid."

In 1898 the defendants in this present suit brought another action in said superior court against the plaintiff here—Mrs.

A. Dill et al. v. Hartson—which again involved their respective
rights to these waters, and a decree in the exact terms of the
prior one was entered in 1899.

Now, the main question involved in the present suit is as
to the interpretation to be put upon the provisions of both
these decrees.  The contention of the defendants in the lower
court was, and is here, that under the terms of the decrees
referred to above, they had a right during the period from
June 20th to August 1st of each year, to exclude, if they saw
fit, the waters of the river from entering the Big Slough,
and thence passing down it to plaintiff's land through the
Hartson Slough.  The trial court put this interpretation upon
the decree, and we perceive no room for any other interpreta-
tion.  It is provided in both decrees so plainly that it is not
open to any other view, that, during the period named, the
defendants in this suit have the right not only to take out
waters from the Big Slough, but, if they choose to do so, to
take them directly from the channel of the Susan River, and,
for that purpose, to exclude or prevent their passage into the
Big Slough.  As to the waters of said river, the only right
that is given plaintiff by the terms of the decree, during that
period of time, is to take and use a proportion of all such
waters of the river as the defendants may turn down or into
Big Slough towards the lands of plaintiff.  If the defendants
should turn or permit the waters of the river to run down the
slough, plaintiff had the right to use it under the decree.  If,
on the other hand, the defendants required, during the period
fixed by the decree, the use of these waters on their lands,
they were accorded the right to prevent their entry into the
sloughs and to convey them directly from the river to their
lands.  This was the view, as we say, the trial court took, and
we see no room for any other interpretation of the terms of
the decree.

Plaintiff elaborates in his brief upon what he designates as
an "unlimited license" to exclude such waters from the
slough and a "wholesale license" granted defendants by the
decree to run the waters wheresoever they saw fit, to the
deprivation of plaintiff of its necessary use upon his land.
There is nothing in the case, however, to warrant this sug-
gestion.  There is nothing in the evidence to show that the
defendants take this water in order to deprive plaintiff of its

use, or for any other purpose than for use upon their own lands; in fact, it appears from the testimony that the amount which they could get out of the river by this means was only about one fourth of the water which they actually needed upon their lands.

Aside from the proper construction to be placed upon the provisions of this decree, it is insisted by appellant that the court erred in rulings respecting evidence offered by him. We do not think so. It was not a proper subject of inquiry as to what the parties to the first decree understood its scope should be. The decree itself determined that matter. Nor was any custom existing in the locality or adopted by the parties prior to 1893, respecting the use of these waters during said periods of the year, of any moment, in face of the decree establishing exactly what their respective rights were. Nor did the court err in refusing to allow appellant to prove that he had acquired a prescriptive right as against defendants to have the water of said Susan River flow down through the Big Slough, and thence to the Hartson Slough, during the period from the entry of the first decree in 1893 and the entry of the second decree in 1899. The present action was brought in 1900.

Aside from the fact that whatever rights these parties had in such waters and their flow were fixed by the decree in 1893, it appears that in the action eventuating in the decree in 1899, this plaintiff asserted the same adverse claim as he asserted in the present action, and in determining, by the decree in 1899, that his rights to said waters were the same as were fixed by the decree of 1893, the court necessarily found that there was no merit in such asserted claim of and right acquired by adverse user to any of such waters during said period.

There is nothing further to be considered in this matter. There is no merit in the appeal, and the judgment of the lower court and the order appealed from are affirmed.

Henshaw, J., and McFarland, J., concurred.

Hearing in Bank denied.