[Civil No. 1971. Filed December 10, 1921.]

[202 Pac. 233.]

WINIFRED N. BENSON and EDWARD BENSON, Administrator of the Estate of WINIFRED N. BENSON, Deceased, and NATIONAL SURETY COMPANY, Appellants, v. J. C. HUNTER, Appellee.

1. HUSBAND AND WIFE—PROPERTY ACQUIRED DURING COVERTURE PRESUMED TO BE COMMUNITY.—In the absence of a contrary showing, the presumption is that all property acquired and all business transacted during coverture by either spouse is for the community.

2. HUSBAND AND WIFE—WIFE SUED ALONE CAN PLEAD NONJOINDER OF HUSBAND IN ABATEMENT.—Even though the plaintiff suing a married woman without joining her husband, as required by Civil Code of 1913, paragraph 403, except in specified cases, need not plead facts which bring the case within one of the exceptions, the wife may, by answer in abatement, under paragraphs 468, 469, set out that the contract did not concern her separate property.

3. APPEAL AND ERROR — FINDING CONTRARY TO EVIDENCE CANNOT BE PRESUMED TO SUPPORT JUDGMENT.—It cannot be presumed, in support of a judgment against a married woman sued without joining her husband, that the trial court found that the contract on which the suit was based concerned her separate property, where the evidence was all the other way.

4. STATUTES—CESSATION OF REASON FOR JOINING HUSBAND DOES NOT AUTHORIZE COURT TO DISREGARD STATUTE REQUIRING IT.—Though

Civil Code of 1913, paragraph 3852, giving married women the same legal rights as men, has abolished the reason for requiring the husband to be made party with his wife, the courts cannot, for that reason, disregard the statute requiring such joinder.

5. HUSBAND AND WIFE—STATUTE REQUIRING JOINDER OF HUSBAND IMPERATIVE.—Civil Code of 1913, paragraph 403, requiring the husband to be joined in all transactions against a married woman not concerning her separate property, is imperative, and cannot be disregarded by the courts against the insistence of the married woman.

APPEAL from a judgment of the Superior Court of the County of Yuma. Fred L. Ingraham, Judge. Judgment reversed and cause remanded.

Mr. Thomas D. Molloy, for Appellants.

Mr. H. H. Baker, Mr. W. F. Timmons, and Mr. H. Wupperman, for Appellee.

ROSS, C. J.—The plaintiff sued Winifred N. Benson for work and labor performed by him personally, and on an assigned account of his brother, Evan Hunter, for work and labor, all alleged to have been done and performed "at her special instance and request." Defendant, among other things, answered that there was a defect of parties defendant, in that: (1) The defendant was at the commencement of the action, and still was, a married woman, and that her husband lived at Gadsden, Yuma county; (2) that if plaintiff and his assignor worked for anybody it was on land belonging to defendant and her husband, Ed Benson, Sallie E. Champion, Don W. Neatherlin, and Charles N. Neatherlin, as joint owners, and the obligation, if any, to pay for said work was the joint obligation of all said parties, and if there was anything due it was jointly due from all of them. Defendant also pleaded the general issue.

A trial was had before the court. After the trial, but before the announcement of the court's decision,

the defendant Winifred N. Benson died. Edward Benson, administrator, was thereafter substituted as defendant, and the court then rendered judgment against said administrator as prayed for in plaintiff's complaint.

While the appellant urges several questions on our attention, we think there is but one properly here for consideration. It is unquestioned that the defendant Winifred N. Benson was, at the time plaintiff and his assignor were employed by her, and at the time of suit, a married woman, living with her husband. This being so, the question is, Should not her husband have been joined with her as a party defendant? The statute (paragraph 403, Civ. Code), provides that—

"When a married woman is a party her husband shall be joined with her except: (1) When the action concerns her separate property she may sue or be sued alone. (2) When the action is between herself and her husband, she may sue or be sued alone."

The general rule under the common law was that a married woman could not be sued alone, but that her husband was a necessary party to all actions against her. 13 R. C. L. 1428, § 475; 21 Cyc. 1682; *Bogart* v. *Woodruff,* 96 Cal. 609, 31 Pac. 618. This was especially so when the spouses were living together. The statute has modified the common-law rule so that now a married woman, when the action concerns her separate property, may sue alone or may be sued alone. If this action is concerning Winifred N. Benson's separate property, the suit was properly brought against her without joining her husband. There is nothing on the face of the complaint to show whether the plaintiff and his assignor performed work and labor upon defendant's separate property or not. Neither is it shown that their employment was in the prosecution of any community enterprise. However, we think the presumption of law is, in the absence of

the contrary showing, that all property acquired and all business done and transacted during coverture, by either spouse, is for the community.

In *Garver* v. *Thoman,* 15 Ariz. 38, 135 Pac. 724, it was held by the court that brokerage commissions earned by the wife during coverture were community property, and that a suit for their collection might be brought in the name of the husband and wife. Since there is ingrafted upon the general rule that the wife may not be sued alone certain statutory exceptions, it would seem that a party seeking redress against a married woman ought to be required to show that the facts of his case bring his cause of action within one of the exceptions; that is, he ought affirmatively to show, in his pleadings, that the action concerns the separate property of the wife or that it is between the husband and wife. *Barrie* v. *Carolan* (C. C.), 111 Fed. 134. Certainly when a married woman is sued upon a contract that she has made, not concerning her separate property, she may insist that her husband be joined with her in the action, and if the complaint does not disclose that she is a married woman, she may set that out in her answer in abatement of the action, under paragraphs 468 and 469 of the Civil Code. *Bogart* v. *Woodruff, supra.* That is what the defendant, Winifred N. Benson, did in this case, and the court should have required the plaintiff to amend his complaint by joining defendant's husband with her in the case or dismissed the case for a defect of parties defendant.

Appellee's contention that it was a question of fact as to whether the contract sued on concerned Winifred N. Benson's separate property or not, and that the court must have found it was separate property in order to give the appellee judgment, would receive our approval if the evidence was not all the other way. It is shown that the employment of appellee

and his assignor was as farm hands on lands acquired by Winifred N. Benson and her husband during coverture by their joint efforts and means. This would constitute such lands community property, even though the record title was taken in the wife's name.

The reason, whatever it may have formerly been, for requiring the husband to be made a party defendant with his wife, since the laws have emancipated married women and endowed them with "the same legal rights as men of the age of 21 years and upwards" possess (paragraph 3852, Civ. Code), certainly no longer exists, but we cannot do what the legislature has the power to do—abolish the statute that makes it obligatory upon an adversary of a married woman to join her husband with her in all actions brought against her that do not concern her separate property or are not between her and her husband.

The record presents a case that we would be very pleased to affirm, for the reason that it seems that substantial justice was done. The statute, however, requiring the husband to be made a party with the wife is imperative; the courts have no right to disregard the statute when the married woman sued is insisting, as the law permits her to do, that its terms be observed.

The judgment of the lower court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

McALISTER and FLANIGAN, JJ., concur.