[Civ. No. 12194. Second Appellate District, Division One.—January 3, 1941.]

BARBARA GRACE, Respondent, v. SOPHIA K. CARPENTER, Appellant.

John L. Flynn for Appellant.

No appearance for Respondent.

DORAN, J.—This is an action brought under section 206 of the Civil Code wherein a mother sought support from a married daughter. The court below awarded judgment to the mother, ordering the daughter to pay a specified monthly sum for support, from which judgment the daughter has appealed.

The record reveals the daughter to be dependent upon her husband, without earnings of her own, leading the life and pursuing the duties of a housewife.

Over objection, evidence was admitted as to the husband's occupation and his income and earnings and the husband was required to testify against the wife and give evidence as to his financial position, income, occupation and property. The income, property and earnings in question appear to be all community property.

The trial court committed error, both in requiring the husband to testify against his wife without her consent (sec. 1881, Code Civ. Proc.), and in receiving any evidence with regard to the husband's ability to help his wife's mother. Unless imposed by statute, there is no obligation on the part of a husband to support his wife's relations (see 46 C. J. 1281, sec. 78), and California has imposed no such statutory obligation.

It is equally clear that, with the possible exception of the earnings of a wife, the community property may not be applied to such a purpose without the husband's consent. Section 172 of the Civil Code provides: ''The husband has the management and control of the community personal property, with like absolute power of disposition, other than testamentary, as he has of his separate estate; . . . '', and section 172a thereof gives him management and control of the community real property. Moreover, the community property cannot be segregated and applied by an order or judgment of the court, as in this case, to hold the wife's interest in the community property in liquidation of her lia-

bility to support her mother. The law of this state does not provide such a method for division of community property. (*Smedberg* v. *Bevilockway*, 7 Cal. App. (2d) 578, 581 [46 Pac. (2d) 820].)

It follows, therefore, that in an action such as the instant one evidence as to the husband's earnings and as to other community property, with the one possible exception above noted, would be irrelevant, and having been here received by the court it must be assumed that such evidence was taken into account in the court's determination of the issues involved. The error in admitting such evidence is necessarily prejudicial.

For the foregoing reasons the judgment is reversed.

York, P. J., and White, J., concurred.