[Civ. No. 2658. Fourth Dist. Apr. 7, 1942.]

W. J. KIRKPATRICK, Respondent, v. MARY A. HARVEY, Appellant.

Alfred Siemon and Bennett Siemon for Appellant.

Louis Ferrari, G. D. Schilling, C. H. White, D. Bianco and Thomas M. O'Connor for Respondent.

BARNARD, P. J.—This is an action upon a judgment. The complaint, which was filed on December 29, 1939, alleged that on November 28, 1934, the plaintiff's assignor recovered judgment against this defendant in the sum of $5,539.57. The answer set up as a separate defense that the judgment sued upon was a joint judgment against this defendant and her husband; that such judgment was recovered in an action upon a promissory note signed by this husband and wife and secured by a deed of trust on real property; that the money was borrowed for the benefit of the community and the trust deed given was upon community property; that the debt evidenced by the note was therefore the debt of the husband and not of this defendant; and that on October 7, 1935, the husband was discharged in a bankruptcy proceeding in which the debt evidenced by the prior judgment was listed and in which all of the community property of these parties and all of the separate property of the husband were listed and inventoried.

At the trial, the court excluded all evidence proffered for the purpose of establishing the facts alleged in this separate defense of the answer. Judgment for the plaintiff followed and the defendant has appealed.

The appellant contends that section 171b of the Civil Code, which was adopted after the debt here in question was created, is but a codification of the law as it previously existed; that under sections 167 and 171 of that code a wife's separate property is not liable for debts incurred in connection with the community property; that the husband only is liable on such debts; that since a wife's separate property may not be subjected to the payment of a debt incurred in connection with the community property it follows that the discharge of the husband in bankruptcy from such an obligation is also a discharge of the wife; and that the proffered evidence would, therefore, have furnished a complete defense in this action.

The appellant relies particularly upon the case of *Bimrose* v. *Matthews*, 78 Wash. 32 [138 Pac. 319], in which the court said: "When the husband was discharged in bankruptcy from the obligation of the contract, it must be of necessity follow that the wife was also discharged, because her separate property is not subject to the community debts." That case differs from the one now before us in that it was a direct action upon a liability arising from contract and not an action upon a prior judgment.

The defense here relied upon rests not only on the fact that the husband had been discharged in bankruptcy, but upon proving a number of other facts relating to the original debt and upon the operation of certain statutes of this state affecting the enforcement of the judgment by limiting the kind of property which may be subjected thereto. The real question here is whether all of these matters, taken together, constitute a defense in such an action to renew a judgment.

While a judgment is but the original debt or liability in a new form (*Woehrle* v. *Canclini*, 158 Cal. 107 [109 Pac. 888]), it has, under our system, a certain finality and although it may be set aside through some form of direct attack permitted under our law it may not be indirectly attacked. In an action upon a judgment the judgment sued on may not be attacked except in accordance with the rules and principles governing collateral attack. (*Hill* v. *City Cab etc. Co.*, 79 Cal. 188 [21 Pac. 728].) The general rule is that a judgment may not be collaterally attacked unless it is void upon the face of the record or it has been entered without jurisdiction.

The judgment here sued upon has not been satisfied. If it be assumed that the discharge in bankruptcy of her husband has also discharged the appellant, insofar as her community interest is concerned, this is only a partial release or satisfaction and she remains personally liable on the prior judgment

so far as shown by the face of this record. ■ Parol evidence is not admissible to change the legal effect of a judgment or the record of it in any material respect. (*Hartson* v. *Dill*, 151 Cal. 137 [90 Pac. 530] ; *Helpling* v. *Helpling*, 50 Cal. App. 676 [195 Pac. 715].) ■ There is a difference between the validity of a judgment and whether it can be collected from certain property. Appellant is personally liable on the face of the judgment sued upon, and whether her separate property may be subjected to the judgment goes merely to the manner in which the judgment may be enforced and not to its validity and depends not only upon the operation of certain statutes but upon certain facts which do not appear in the judgment or on the face of the record.

In our opinion, the facts here sought to be established were not admissible and could not constitute a defense to this particular action. The proffered proof amounted to nothing more than a collateral attack upon the judgment sued on and was properly rejected. It may well be that under certain of our statutes the appellant's separate property may not be subjected to the payment of this judgment. This, however, is another question which may be raised at the appropriate time and in the proper manner, but which is not controlling here.

The judgment appealed from is affirmed.

Marks, J., and Griffin, J., concurred.