[Civ. No. 15735.  Second Dist., Div. Three.  Oct. 31, 1947.]

WILLIAM A. SELLMAN, Appellant, v. BESSIE I. SELLMAN et al., Respondents.

Wm. R. Law for Appellant.

George N. Foster and Saul S. Klein for Respondents.

KINCAID, J. pro tem.—Plaintiff appeals from a judgment denying him relief in this action wherein he seeks to quiet title to and recover possession of certain improved real property.

The evidence discloses that plaintiff and defendant were formerly husband and wife and there is one minor child the issue of such marriage. While living together, the parties purchased with community funds the lot and dwelling which is the subject matter of this action for $10,500, taking title thereto in both their names as joint tenants. At the time of the filing of the subsequent divorce proceedings the full purchase price of such property had been paid, excepting $4,500; the rental value of the property was $50 per month. On or about June 21, 1932, before the separation of the parties, and plaintiff having failed to furnish money for the support of his wife and child, defendant borrowed the sum of $150, giving a promissory note as evidence of the indebtedness. Defendant thereupon told plaintiff that she had borrowed this money and that he would have to pay off the loan to the lender. Plaintiff told defendant, "Don't you worry about that. I will take care of that. That is my problem."

Several months after the execution of the promissory note by defendant, plaintiff brought an action for divorce against her. She thereupon filed her answer and cross-complaint thereto and was granted an interlocutory judgment of divorce against plaintiff. Defendant was awarded the custody of the minor child, the possession of and right to live in the community real property and plaintiff was ordered to pay defendant $85 per month for the support of herself and child, keep up reasonable repairs on the house, and payments on the encumbrances, assessments and taxes thereon, title to the property to remain in joint tenancy.

Suit was subsequently brought against defendant on the above-described promissory note and on September 30, 1933, a judgment was rendered against her for $179.67. A writ of execution issued and the judgment creditor undertook to purchase, at sheriff's sale her interest in the real property in satisfaction of the judgment in the sum of $214.67. On August 26, 1937, the judgment creditor assigned the certificate of purchase of defendant's interest in such property to plaintiff herein. Some eight years later he filed this suit against defendant to quiet title to all her right, title and interest in said property and for possession.

Following trial, the court made its findings to the effect that the loan of $150 was made by defendant while she and plaintiff were husband and wife, that the proceeds thereof were used for the necessaries of their home, and that plaintiff had agreed to pay back the loan; that by taking an assignment from the judgment creditor of the certificate of purchase secured on execution sale, and by procuring a sheriff's deed in his own name, plaintiff became a constructive trustee for the defendant; that the judgment of divorce theretofore entered between the parties required plaintiff to keep the property in question in joint tenancy and that such order remains in full force and effect; that plaintiff is estopped to take advantage of the defendant under the circumstances here found to exist, and that defendant continues in full ownership of her undivided one-half interest in such real property as a joint tenant with plaintiff. The sole question presented for decision on this appeal is whether the foregoing evidence is sufficient to sustain the findings and judgment of the trial court.

Plaintiff did not testify at the trial. He offered no evidence to contradict the foregoing facts. Even though title to the property was taken in the names of the parties as joint tenants, it is conceded to have been purchased and held as com-

munity property. That the money represented by the loan was borrowed and used for the necessaries of life by defendant, while the parties were still living together, and that plaintiff promised to repay it, is undisputed. Instead of paying it he permitted the obligation to be reduced to a judgment and, some four years later, bought the certificate of purchase purporting to represent ownership of defendant's undivided joint tenancy share in the property. He now relies on a sheriff's deed therefor to oust defendant, quiet title in him as to her one-half interest, worth at least $3,000 under the evidence, in exchange for paying off an obligation of several hundred dollars which was primarily his in the beginning.

■ "The husband assumes responsibility for the support of his family and upon his failure to provide such support his wife is authorized to purchase on his credit whatever is necessary for her maintenance. (Civ. Code, § 174; *Title Insurance & Trust Co.* v. *Ingersoll,* 158 Cal. 474, 492 [111 P. 360].)" (*Mergenthaler* v. *Mergenthaler,* 69 Cal.App.2d 525, 527 [160 P.2d 121].) Unless secured by a pledge or mortgage thereof, executed by the husband, the property of the community, other than the earnings of the wife, is not liable for the contracts of the wife made after marriage. (Civ. Code, § 167.) A judgment against the wife based on such a contract cannot be satisfied out of property of the community but only out of her separate estate. (*Bogart* v. *Woodruff,* 96 Cal. 609 [31 P. 618].)

■ We are here concerned with ascertaining the rights and property interests of the parties hereto only, and not those existing between defendant and the judgment creditor prior to the payment of the judgment by plaintiff. Whatever they may have been as a result of the execution sale, all the facts and circumstances of the entire transaction were known to plaintiff. He was fully aware also of his continuing obligation, by judgment of the court, to support the defendant, his former wife, and their minor child, both monetarily and by maintaining the joint tenancy property as such and as a place in which they could reside. His acts are patently an attempt to circumvent this obligation and constitute a fraud on the defendant, their child and the court. Under such conditions he becomes an involuntary trustee for the benefit of defendant of whatever he may have gained by his fraudulent acts. (Civ. Code, § 2224; *Forman* v. *Goldberg,* 42 Cal. App. 2d 308, 315 [108 P.2d 983]; *Johnson* v. *Clark,* 7 Cal.2d 529, 533 [61 P.2d 767].) ■ The evidence fully supports

the findings of the court, including those that plaintiff is estopped to take advantage of his fraudulent acts as against defendant, that he is a constructive trustee for her and that, so far as plaintiff is concerned, her ownership in an undivided one-half interest in such property as a joint tenant with him remains unimpaired.

The court is directed to vacate the judgment and to enter a new judgment reading as follows: "It is ordered, adjudged and decreed that plaintiff and defendant are the owners as joint tenants of the real property described in the complaint and that defendant recover her costs of suit." Respondent shall recover costs on appeal.

Shinn, Acting P. J., and Wood, J., concurred.

The opinion and judgment were modified to read as above on November 14, 1947.