[Civ. No. 23179.   First Dist., Div. Two.   Feb. 15, 1967.]

GENERAL INSURANCE COMPANY OF AMERICA, Plaintiff and Appellant, v. HARVEY G. SCHIAN et al., Defendants and Respondents.

Miller, Williams & Bowen, Daniel C. Miller, Richard A. Williams and Frank M. Bowen for Plaintiff and Appellant.

Breed, Robinson & Stewart and James R. McCall for Defendants and Respondents.

SHOEMAKER, P. J.—This is an appeal by plaintiff General Insurance Company of America from an order granting defendant Olivia Schian's motion to release from the levy of an attachment certain funds deposited in an escrow account.

The facts are without dispute.

On October 16, 1956, defendants Harvey and Olivia Schian, husband and wife, entered into a written contract with the County of Kern to install certain improvements in a tract which they were desirous of subdividing. Defendants' performance under the contract was guaranteed by a surety

bond which ran in favor of the county and which was issued by plaintiff on August 10, 1956.

On June 30, 1964, plaintiff filed a complaint alleging that defendants had defaulted on their contract with the county and that on September 20, 1960, plaintiff, as surety, had paid the county $6,822.21 on defendants' behalf and had received an assignment of all sums due the county from defendants. It was further alleged that on January 18, 1961, an action had been commenced against plaintiff and defendants to enforce an alleged claim for damages in the amount of $11,000 plus interest and attorney's fees in the amount of $3,500; that defendants had refused to indemnify and protect plaintiff against said action and had further refused to comply with a provision of the suretyship agreement which required them to deposit cash or collateral sufficient to pay the judgment which might be rendered in said action. Damages in the amount of $21,322.21 were claimed.

Defendants' answer denied the material allegations of the complaint. Defendant Harvey Schian also affirmatively alleged that on September 14, 1960, he had filed a voluntary petition in bankruptcy; that he had listed plaintiff's claim in his bankruptcy schedules; and that on February 10, 1961, his discharge in bankruptcy was granted.

Defendant Harvey Schian, proceeding under section 437c of the Code of Civil Procedure, thereafter moved that the action be dismissed as against him on the ground that the discharge in bankruptcy constituted a complete defense to the action. On December 16, 1964, the motion was granted and judgment accordingly entered.

On January 12, 1965, defendant Olivia Schian moved for discharge of a writ of attachment which plaintiff had levied upon certain funds, alleging that said funds were community property subject to Harvey Schian's management and control and were therefore exempt from execution by virtue of the discharge in bankruptcy previously granted to him.

In support of said motion, Olivia Schian filed a declaration under penalty of perjury averring that plaintiff had levied a writ of attachment upon a portion ($21,322.21) of a fund in the total amount of $71,000 which was then held in escrow at a title insurance and trust company; that declarant and her husband, Harvey Schian, had obtained said fund by jointly selling certain real property in return for a deed of trust and thereafter selling said deed of trust for $71,000; that the real property was sold on January 7, 1964, and the deed of trust

in June 1964; that declarant had married Harvey Schian in 1945 and had never thereafter separated from him; that she owned no property at the time of the marriage and had never received any earnings, gifts or inheritance during the course of the marriage; and that she had always conceived of all their property, both real and personal, as belonging to both of them for their mutual use.

Harvey Schian filed a declaration which was substantially identical with that filed by his wife but which also averred that he had never executed a pledge or mortgage of any property whatsoever to plaintiff or to any person or business entity to secure his wife's performance of any contract with plaintiff.

On May 27, 1965, the court granted the motion and released the escrow funds from the levy of the writ of attachment.

The sole question presented by this appeal is whether a wife's liability under a contract jointly executed by herself and her husband is enforceable against community assets (other than earnings of the wife) after the husband has been discharged in bankruptcy from all liability under said contract. We have concluded that it is not.

Under the laws of this state, the husband has the management and control of the entire community estate (except for earnings of the wife which have not been commingled with other community property, Civ. Code, §§ 168, 171c) and, as the agent of the community, possesses the power to divest the parties of such property by his own act in the same manner that he may divest himself of his separate property, so long as he does not make a gift of the community property without consideration. (Civ. Code, §§ 161a, 172 and 172a; *Grolemund* v. *Cafferata* (1941) 17 Cal.2d 679, 682-684 [111 P.2d 641].)

The wife, on the other hand, has the management and control of her own earnings, if kept separate from the remainder of the community estate; and such earnings, together with any separate property she may possess, are liable for her contracts. (Civ. Code, §§ 167, 171, 171c.) The remainder of the community property is not liable for her contracts ''unless secured by pledge or mortgage thereof executed by the husband.'' (Civ. Code, § 167; see *Svetinich* v. *Sheean* (1899) 124 Cal. 216 [56 P. 1028, 71 Am.St.Rep. 50]; *Bogart* v. *Woodruff* (1892) 96 Cal. 609, 611 [31 P. 618]; *Tinsley* v. *Bauer* (1954) 125 Cal.App.2d 724, 727-728 [271 P.2d 110]; *Sellman* v. *Sellman* (1947) 82 Cal.App.2d 192, 195 [185 P.2d 846];

*Smedberg* v. *Bevilockway* (1935) 7 Cal.App.2d 578, 582 [46 P.2d 820].)

Under these rules, when the Schians signed the suretyship agreement of August 1956, the signature of Harvey Schian obligated his separate property and the entire community estate, exclusive of any earnings of his wife, while Olivia Schian's signature obligated any earnings or separate estate which she might possess.

In our opinion, although we find no California case expressly so holding,[1] when Harvey Schian obtained a discharge in bankruptcy from his obligations under the suretyship agreement, said discharge operated to release from further liability both his separate property and all community property subject to his management and control.

In 1 deFuniak, Principles of Community Property (1943), section 180, page 516, the author states, "The discharge of the husband in bankruptcy, from the obligation of a community debt, of necessity also discharges the wife, even though she was not a party to the bankruptcy proceeding. For, in the sense that the adjudication against the husband as administrator of the community is also an adjudication against the community, the discharge of the husband discharges the community."

Plaintiff suggests that the above-mentioned analysis of the law is inapplicable in this state because it is based upon certain decisions from the State of Washington, where the "community debts" theory is followed. We do not agree.

The concept of "community debts," which is not a part of California law, renders the community property immune from the separate debts of the husband and the wife and liable only for debts incurred for the material benefit of the community. (*Grolemund* v. *Cafferata, supra,* at p. 688.) Under the laws of this state, the liability of community property subject to the husband's management and control is not limited to "community debts" but extends to all debts incurred by the husband. Although the liability of the community property is thus broader in California than in Washington, this fact would appear to be of no relevance whatever in determining the effect of a husband's discharge in bankruptcy upon the liability of the community property for a "community debt" (under Washington law) or a debt incurred by the husband (under California law).

---

[1]In *Kirkpatrick* v. *Harvey* (1942) 51 Cal.App.2d 170 [124 P.2d 367], the question was raised but left undecided.

In *Bimrose* v. *Matthews* (1914) 78 Wash. 32 [138 P. 319], the Washington Supreme Court held that a discharge in bankruptcy granted to the husband alone operated to release the community property from all further liability for a "community debt" incurred when both the husband and wife had signed a written contract. Although the court did not set forth the reasons for its decision in any great detail, it did refer to a Washington statute vesting the husband with management and control over the community property. The court apparently concluded that since the husband was the manager of the community and thus represented the community as well as himself in the bankruptcy proceedings, the discharge in his favor was also a discharge in favor of the community.

Plaintiff has failed to suggest any valid reason why a different rule should apply in California. Under the laws of this state, the husband, as above noted, has management and control over community property exclusive of the wife's earnings. Further, it has been held that where a bankruptcy proceeding is brought against the husband only, the trustee may take possession of the community property for the benefit of the husband's creditors and the wife has no right to object. (*Hannah* v. *Swift* (9th Cir. 1932) 61 F.2d 307.)

In the instant case, plaintiff, one of the creditors designated in the 1961 bankruptcy proceeding which resulted in Harvey Schian's discharge, had access at that time to all of the community property subject to Harvey Schian's management and control. Plaintiff's rights as a creditor were superior to those of Olivia Schian, and she could not have contended that her husband's act of signing the suretyship agreement was not in itself sufficient to render all of said property subject to plaintiff's claim. Under such circumstances, logic compels the conclusion that the discharge in favor of Harvey Schian released all of the community property subject to his management and control from further liability under the suretyship agreement and that Olivia Schian's continuing liability thereunder constituted an obligation only against her separate property or earnings.

Plaintiff attempts to avoid this reasoning by relying upon the Texas case of *Flores* v. *Bailey* (1960) 341 S.W.2d 473, which held that where a husband and wife had both executed a promissory note and the husband had subsequently received a discharge in bankruptcy, the wife's community interest in certain real property nevertheless remained subject to execu-

tion under a judgment based on the promissory note. That case is readily distinguishable since the court's holding that the husband's discharge in bankruptcy failed to release all of the community property was expressly based upon a Texas statute which provided that the community property should not be liable for the wife's debts or contracts " '*unless the husband joins in the execution of the contract*; . . .' (Emphasis ours)." (P. 475.) The controlling California statute, section 167 of the Civil Code, provides, as noted above, that the community property subject to the husband's management and control is not liable for the wife's contracts "unless secured by pledge or mortgage thereof executed by the husband." The uncontradicted declaration of Harvey Schian shows that no such pledge or mortgage was ever executed in plaintiff's favor.

Plaintiff also relies upon certain California cases (*Hulsman* v. *Ireland* (1928) 205 Cal. 345 [270 P. 948] ; *Meyer* v. *Thomas* (1940) 37 Cal.App.2d 720, 724-727 [100 P.2d 360, 1066] ; and *Stegeman* v. *Vandeventer* (1943) 57 Cal.App.2d 753, 759-760 [135 P.2d 186]) which have held the community property liable for the contracts or even the fraudulent conduct of a wife where the actions performed by her were intended to benefit the community and were knowingly acquiesced in by the husband. These cases are of no real assistance to plaintiff, since they are all based upon the rule that a wife may become the agent of her husband, who alone possesses management and control over the community property exclusive of her earnings, and that such agency may be established by proof that he ratified acts which she had already performed without previous authority.

No such situation is presented here, since the record shows that Harvey and Olivia Schian both signed the suretyship agreement as principals.

The order appealed from is affirmed.

Agee, J., and Taylor, J., concurred.