[Civ. No. 25099.   First Dist., Div. Four.   Dec. 23, 1968.]

COUNTY OF ALAMEDA, Plaintiff and Respondent, v. FRED W. ABERLE, Defendant and Appellant.

Fred W. Aberle, in pro. per., for Defendant and Appellant.

Richard J. Moore, County Counsel, and Ben H. Zuppan, Deputy County Counsel, for Plaintiff and Respondent.

CHRISTIAN, J.—Fred W. Aberle appeals from a judgment against him on respondent's complaint for reimbursement for old age security payments made to appellant's mother.   ██   Appellant does not assert that the decision below was contrary to California law; rather, he contends that the applicable statute is invalid in that it deprives married women of vested property rights and unconstitutionally discriminates between married men and married women in violation of the Fourteenth Amendment (equal protection of the laws). We reject these contentions.

Sections 12100 and 12101 of the Welfare and Institutions Code (formerly sections 2224 and 2181) provide for the

county's action to recoup welfare benefits and for calculation of the adult child's liability for benefits paid to his indigent parents. In those calculations all of the child's income is taken into account, with reductions for his dependents. (Welf. & Inst. Code, § 12101.) Appellant objects to this procedure on the ground that a married woman has a vested interest (Civ. Code, § 161a) in one-half the earnings of her husband because those earnings are community property (Civ. Code, § 164). To determine the husband's liability on the basis of all of his earnings, appellant asserts, is to deprive the wife of her vested interest in one-half thereof and to discriminate unfairly against her.

However, this treatment of the husband's liability to the county for the support of his indigent parents is in harmony with this state's community property laws. Community property, except for the earnings of the wife, is liable for all of the husband's debts; the enactment of section 161a creating the wife's vested interest did not affect this rule. (*Grolemund* v. *Cafferata* (1941) 17 Cal.2d 679 [111 P.2d 641]; *Gould* v. *Fuller* (1967) 249 Cal.App.2d 18 [57 Cal.Rptr. 23]; *General Ins. Co.* v. *Schian* (1967) 248 Cal.App.2d 555 [56 Cal.Rptr. 769].) The husband's earnings, although community property, need not be used in support of the wife's indigent parents. (*Grace* v. *Carpenter* (1941) 42 Cal.App.2d 301 [108 P.2d 701].) This is consistent with the rule that the husband's earnings are not liable for the wife's premarriage debts. (Civ. Code, § 170.) Appellant's contention that each spouse's liability should be predicated upon his ownership rights in community property (§ 161a), rather than upon his management and control over his earnings (Civ. Code, §§ 171c, 172, 172a), has been rejected in the cases cited above.

We see nothing unfair or discriminatory in the statutory allocation of responsibility for each spouse's indigent parents. As in the case of other debts and obligations, the provisions of section 161a are not to be used to exempt one-half of a husband's earnings from the reach of one to whom he owes a statutory duty of reimbursement.

The judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 19, 1969.