330 A.2d 898.

MARJORIE EUSTIS *vs.* ROBERT L. HEMPSTEAD.

JANUARY 30, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This is a civil action brought by Marjorie Eustis against Robert L. Hempstead, her son, seeking an order that he provide reasonable support for her pursuant to the provisions of G. L. 1956 (1969 Reenactment) §15-11-9.[1] After several preliminary hearings were held and orders entered, the matter was heard and a decision was rendered on January 29, 1973, requiring the respondent to pay the petitioner $125.60 monthly for her support. The respondent is now prosecuting an appeal in this court.

It appears from the record that petitioner, Mrs. Eustis, is 70 years old and is incapable of working. Her income consists of $56.20 a month from Social Security and $265 a month from a trust created by the will of an uncle. Evidence was also introduced regarding her husband's income prior to their divorce in 1945 and as to her current living expenses. In addition thereto the trial justice requested an examination relating to her station in life, and evidence was given thereon.

---

[1]General Laws 1956 (1969 Reenactment) §15-11-9 reads as follows: "Duty of child to support parents.—For the purpose of this chapter, any child over the age of twenty-one (21) years who has been reasonably supported by his or her parent or parents during his or her minority shall be severally liable for the support of his or her parents, when the parent or parents is or are incapable of self support and liable to become a public charge and the child is able to provide such support, provided, however, that the liability shall be divided reasonably among all such children able to contribute such support."

Mr. Hempstead is married to his second wife and supports four children by his previous marriage. He is self-employed in maritime activities. He testified that although from January 1971 through October 1972, prior to this action, he earned a net income of approximately $1,000 per month, his economic situation will decline due to cutbacks in federal spending relating to his business activities. He testified further that he has approximately $30,000 in stocks, which he has amassed to meet unexpected exigencies and for the education of his children, two of whom are in college.

His expenses include outstanding loans totaling approximately $14,000 and a mortgage balance of approximately $10,000. The respondent has attached an uncontradicted listing of monthly expenditures to his brief, from which it appears that he is depleting his savings by approximately $750 per month. Although this list was referred to by both attorneys and by the trial justice in his decision, this exhibit is not present in the file, nor does it appear that it was formally introduced as evidence or marked for identification. Notwithstanding this deficiency, petitioner's failure to object to respondent's use of this document, respondent's reference to it on cross-examination, and the trial justice's reliance upon it are sufficient indications that this list was considered as competent evidence on the question of Mr. Hempstead's expenses and his anticipated income.

The statute creates a right, nonexistent at common law, *Grace* v. *Carpenter*, 42 Cal.App.2d 301, 108 P.2d 701 (1941), of a parent to be supported by his or her children who are over 21 years of age. For an award to be granted, the respondent child or children must have been supported during his or her minority by the petitioner parent, and the parent must be incapable of self-support; neither of these points are contested by respondent. The statute also

requires a showing that the parent is "* * * liable to become a public charge and the child is able to provide such support * * *." It is the findings of the lower court upon these two elements which respondent attacks. Because this is the first case prosecuted under this statute to reach this court and because of some of the difficulties which have arisen, some clarification of these two statutory elements is appropriate.

We read the requirement of a showing that a petitioner be liable to become a public charge as contemplating an objective analysis: Would the parent receive public aid if he or she applied for it? *See Anonymous* v. *Anonymous*, 176 Misc. 103, 107, 26 N.Y.S.2d 597, 602 (Dom. Rel. Ct. 1941). It follows that a court should determine if one is liable to become a public charge by comparing a petitioner's financial condition with the state's assistance standards. If a petitioner is entitled to receive a given sum of public aid, then the statutory element is satisfied, and a court award could be made up to that amount, provided that the other requirements were also met. It should be noted that in determining the amount properly to be awarded a parent for support under the statute, evidence as to the station in life of the parent is irrelevant. We need not pass upon the propriety of the lower court's ruling as to whether petitioner was liable to become a public charge, as respondent's second argument is dispositive of this decision.

The respondent's prime contention that the trial justice erred in making the award is that there is no evidence in the record from which the trial justice could have found that respondent had the financial ability to provide support. Such a finding is a statutory requisite for an award. The respondent argues that the trial justice misconceived the evidence when he made a finding that respondent's net income was $750 per month when the uncontradicted

evidence as to his expenses showed a deficit of $750 a month. Asserting that he must, therefore, deplete his savings each month by that amount, respondent contends that his ability to support his mother has not been shown and that her action must fail.

The evaluation of the child's ability to pay can be compared to the considerations involved in the awarding of alimony. As in divorce cases, the trial justice in his discretion may consider other factors in addition to current income in arriving at a determination of ability to pay. *Wattman* v. *Wattman*, 109 R. I. 538, 540, 288 A.2d 263, 264 (1972). One such factor may be the respondent's capital assets. *Calderwood* v. *Calderwood*, 112 N. H. 355, 357, 296 A.2d 910, 912 (1972). It is possible that a court in proper exercise of its discretion could find a child able to contribute monies notwithstanding the fact that he or she must necessarily deplete his or her capital assets.

Obviously, such a finding would be permissible given appropriate circumstances. However, the trial justice in the instant case misconceived the thrust of the only evidence introduced tending to prove the respondent's ability to pay, that being his own uncontradicted statement that his expenses were depleting his capital assets by the amount of $750 a month. In short, the trial justice was not passing upon the respondent's ability to pay in the face of diminishing assets, although at the time they were sufficient to meet the payments. Obviously, he made the award on the basis of a finding that the respondent was operating at a profit of $750 a month, and there is no evidence in the record to support that finding.

The appeal of the respondent is sustained, the decision appealed from is reversed, and the cause is remanded to the Family Court.

*Sheffield & Harvey, William R. Harvey, Brian G. Bardorf,* for petitioner.

*Temkin, Merolla & Zurier, Charles C. Dupre,* for respondent.