FRANK R. SCOFIELD, Plaintiff

v.

KAY SCOFIELD, Defendant

Civil No 792-79
Superior Court of Guam
June 23, 1980

- - - - -

WEEKS, Judge

## DECISION

This is a hearing requested by counsel for the purpose of determining the character and disposition of one piece of property purchased during the marriage of the parties.

Plaintiff alleges it is community property, treated as such by the parties and purchased by community funds. He relies on §164 of the Civil Code as authority as does defendant.

Defendant alleges that the property is her separate property, title being in her name alone, and further alleges its purchase was with funds within her separate control.

The parties by stipulation segregated this issue from the divorce trial at which the decree was granted to the husband.

Although the general rule is that property acquired by either spouse during marriage is presumed to be community property an exception is made in Civil Code §164, which states that if property "is acquired by a married woman by an instrument in writing, the presumption is that the same is her separate property".

Certain circumstances may raise a presumption of gift, particularly a presumption of a gift from the husband to the wife. If the wife acquires property by an instrument in writing in her name alone, for example, merely showing that the husband paid for the property with community funds is not sufficient to rebut the presumption of Civil Code §164 that it is her separate property. A presumption that the husband

63

intended by his acts to make a gift to the wife then arises. Pabst v. Shearer (1916) 172 C. 239, 156 P. 466; Alferitz v. Arrivillage (1904) 143 C. 646, 77 P. 657; Estate of Freemen (1953) 115 C.A. 2d 827, 252 P.2d 996.

The same presumption of gift arises where the husband uses community funds or his separate funds to pay off an encumbrance on, or part of the purchase price of, his wife's separate property (Estate of Bernatas (1958) 162 C.A. 2d 693 328 P.2d 539; Estate Inman (1957) 148 C.A. 2d 952, 307 P.2d 953).

However the presumption of gift by the husband to the wife is rebuttable and may be rebutted solely by the testimony of the husband, if believed, that he did not intend make a gift to the wife. Fanning v. Green (1909) 156 279, 104 P. 308; Estate of Cesare (1955) 130 C.A. 2d 557, 279 P.2d 607. Also the presumption is rebutted if it is shown that the wife used community funds to purchase property in her own name without her husband's knowledge. Louknitsky v. Louknitsky (1954) 123 C.A. 2d 406, 266 P.2d 910.

It is settled that property purchased with separate funds continues to be separate property. Smith v. Smith, 12 C. 216; Flournoy v. Flournoy, 86 C. 286, 24 P. 1012; Svetinich v. Sheean, 124 C. 216, 56 P. 1028; Williams v. Tam, 131 C. 64, 63 P. Tomaier v. Tomaier, 23 C 2d 754, 146 P.2d 905; Huber v. Huber, 27 C 2d 784, 167 P.2d 708. That is, separate property does not lose its character as such merely because there is a change in the form or identity of the property. 10 Cal. Jur. 2d 680, §18.

Separate property may be transmuted into community property if it is commingled with community property in such a manner that it is impossible to segregate. However, if it is possible to trace the separate property, it retains its character as separate property even though it may have undergone a change in form or identity. Patterson v. Patterson, 242 C.A. 2d 333, 341; Mears v. Mears, 180 C.A. 2d 484, 499-500; Kenney v. Kenney, 128 C.A. 2d 128, 135; Thomasset v. Thomasset, 122 C.A. 2d 116, 124.

With these principles in mind, we turn to the facts of the instant case.

Undisputed facts are that during the marriage $150.00 to $200.00 a month was sent to Mrs. Scofield's mother for her maintenance. In 1978, Mrs. Scofield had a saving account in her name as trustee for her mother in which there was a balance of $20,000.00. Mr. Scofield also had a checking account which he monitored very carefully as shown by the records he testified to keeping and the running balance accounts put into evidence. There was also a savings account for their son with Mrs. Scofield as trustee.

The property in issue which is adjacent to the leased home they then occupied became available. The availability was made known first to Mr. Scofield who indicated he would tell his wife. They went together to Realtor Pangelinan's office and Mrs. Scofield left to get the $10,000.00 required. She returned with cash in that amount. The papers were prepared at that time in the presence of both and in her name.

It is further undisputed that the house in question was never occupied by the parties but was occupied by a close friend of Mrs. Scofield who made necessary repairs to the building in lieu of rent.

The Court finds the controlling presumption is the exception to §164 which passes to plaintiff the burden of showing that the property in the name of the wife is not her separate property.

Plaintiff seeks to do this by asserting that the intent behind the use of her name as owner was to avoid lengthy probate in the event of his death, which at the time he felt was imminent. He presented witnesses who testified that Mrs. Scofield always referred to the property as "ours" not "mine", to show her awareness of his intent.

The mere fact that she referred to the residence as "ours" does not constitute substantial evidence of such as intent by either. In re:Marriage of Jofeman 29 C.A. 244, 258, 105 Cal. Rptr. 483.

Plaintiff further testified that for the same reason title to a certain vehicle was also placed solely in her, although it purchase was clearly with community funds, but such is presumed to be a gift under the law cited earlier.

He also seeks to persuade the Court that the purchase was made with the community funds sent to this mother-in-law over the years of his marriage. The defendant testified that the account used for the $10,000.00 cash payment was that in the name of her mother and herself. The testimony of Mrs. Scofield was that the account represented the proceeds of the sale of the mother's family home of many years in Korea.

Since the sums sent were for the continuing maintenance of the mother-in-law over the years and there was nothing to show that there was joint-use and accumulation of $10,000.00, the Court finds it more likely that the money was as defendant testified.

The $5,000.00 from the son's account which went into and out of Mrs. Scofield and her mother's account is seen by this Court as sufficiently identified and traced by amount and dates in and out to preclude denomination of the total funds as commingled.

The Court further finds that the degree of care exercised by Mr. Scofield in keeping his financial records make less than creditable his account of his behavior at the house sale. He

indicates a complete lack of awareness as to the actual source of the money that is not in accord with the evidence that his own accounts were kept meticulously. The Court can only assume that his indifference was because it wasn't his money involved.

The checks in evidence from his account as proof of incidental payments at the time closing or for taxes are deemed gifts to the wife for the expenses for her separate property and do not change the character of it.

From a consideration of the undisputed facts and a weighing of the documentary evidence and testimony of. the two parties and witnesses, this Court finds that there has not been a commingling of community funds, that the purchase was made with separate funds of the wife, that such purchase was made in the name of the wife with the husband's full knowledge and that the plaintiff has failed to overcome the presumption of defendant's separate ownership.

Because this Court finds that the property in question is defendant's separate property it is not necessary of it to rule on the authenticity of the alleged property settlement agreement.

The attorney for the defendant is requested to submit and order approved as to form by plaintiff's counsel.