[Civil No. 4621.  Filed March 6, 1944.]

[146 Pac. (2d) 352.]

CARLOS HIRALES, Appellant, v. RAY J. BOEGEN
and PAULINE BERNARD, Appellees.

Mr. Joe L. Green and Mr. James B. Rolle, Jr., for
Appellant.

Mr. J. Fred Hoover, for Appellees.

STANFORD, J.—This action has been brought to
us on appeal from Yuma County where judgment was
rendered against the appellees for damages resulting
from an accident that occurred in Yuma, Arizona, in
a case where Pauline Bernard, one of the appellees,
was driving an automobile as the agent of the other
appellee, Ray J. Boegen, the complaint alleging that
through the carelessness and negligence of the said
agent that the automobile injured the appellant, and
out of the trial of the case the court rendered its
judgment in favor of the appellant for the sum of
$490, together with certain costs.

The minute entries show the trial of the cause on
November 12, 1942; the entry of judgment on Novem-
ber 25, 1942, and the signing and filing of the judg-
ment on November 28, 1942. The court found that the

appellant was entitled to judgment against both of the appellees jointly and severally.

The appellant in order to realize on his judgment had a writ of garnishment issued against the wages of Ray J. Boegen and served on the Southern Pacific Railroad Company, and the return of said company showed that there was due and owing the appellee Boegen for wages the sum of $38.16. Thereafter a motion was made by Ray J. Boegen "to release the money held in garnishment because the same is community property and the judgment is not against community property but separate property of the several defendants, and bases this motion on the hereunto attached affidavit."

The appellees, in support of their motion for release of said sum, filed the following affidavit:

"Ray J. Boegen and Pauline Boegen, being first duly sworn each for himself or herself, and not one for the other, upon oath say that they intermarried at El Centro, California, on the 24th day of November 1942; that the affiant herein Pauline Boegen, is the same person as the defendant herein designated as Pauline Bernard; that at the time this cause of action arose and at the time the court rendered its order, November 24, 1942, the defendants were both single persons, and on the date of the trial of said action, November 12, 1942, both defendants were single persons and the judgment was against their separate property, and that the money held in garnishment in this cause was earned Jan. First to January Fifth, 1943, and is community property of Ray J. Boegen and Pauline Boegen, husband and wife.

"Ray J. Boegen<br>"Pauline Boegen"

The court on the hearing of the matter of the motion entered an order releasing the said sum.

The same date the court entered the order of judgment, the appellees intermarried at El Centro, California.

It is the contention of the appellant that the community property of husband and wife is liable for the joint and several acts of the appellees in the commission of a tort before marriage and before the accumulation of community property.

It is the law of this state that community property is not liable for the separate debts of either spouse contracted prior to or after marriage.

In the case of *Selaster* v. *Simmons,* 39 Ariz. 432, 7 Pac. (2d) 258, tried by this court, judgment was rendered in the trial court against Selaster and his wife for damages resulting from an automobile accident and this court affirmed the judgment. In this case the court said:

" . . . The evidence is undisputed that the automobile driven by Mae Selaster when the accident occurred was community property, and it is likewise undisputed that she was at the time looking for her husband; that she had gone to the garage in Yuma where the car had been left to be washed, got it, and was on her way to get her husband when the two cars came together. Under such circumstances, we think the community, consisting of the husband and wife, was liable for the wife's tort, and that the judgment properly ran against both of them.

"The community law of this state, as construed by our decisions, is more like that of the state of Washington than any other of the community property states. *Cosper* v. *Valley Bank,* 28 Ariz. 373, 237 Pac. 175. . . .

"In *Milne* v. *Kane,* 64 Wash. 254, 116 Pac. 659, 36 L. R. A. (N. S.) 88, Ann. Cas. 1913A, 318, it was held that the community was liable for the negligent injury of the plaintiff in the operation by the husband of an automobile for the benefit of the community, consisting of the husband and wife. In other words, it was held that the community was the wrongdoer. The court there said:

" 'In this case, if the negligence of the husband's causing the injury may be held to be a tort, it was

the tort of the community, because the husband was acting for the community. It is clear, we think, that if the community, consisting of the two defendants, had employed a man to drive the automobile, and the negligence of this employee had caused the injury, the community would be liable. This would follow because the employee would be the agent of the community, and for his negligence in the line of his duty the community would be liable. The fact that Mr. Kane was himself the driver, and was negligent, does not change the liability. He was one of the community, acting in the line of the business for the benefit of the community, and was as much an agent for both as an employee doing that work would have been. If the community joined in the tort, the community was liable. We are satisfied, therefore, that the negligence here, though actually committed by the husband, was the negligence of both himself and wife, because it was committed by him as agent of the community, in the line of his duty, in a business in which the community was engaged.' "

The *Selaster* v. *Simmons case, supra,* was handed down by this court in 1932, but in 1928 this court rendered the opinion of *Forsythe* v. *Paschal,* 34 Ariz. 380, 271 Pac. 865, 867, written by Justice Lockwood who joined in the opinion of *Selaster* v. *Simmons, supra.* From the Forsythe v. Paschal case we quote the following:

"In the absence of a positive statutory injunction to the contrary, we hold, therefore, that, so long as the community estate remains such, it may not be subjected to the individual debts of either husband or wife contracted before marriage any more than those contracted after marriage."

Neither in that well-written opinion, nor in any other of our state, has the question that was raised in the instant case been decided.

The question here is, may a joint and several judgment against two persons who later marry be col-

lected out of their community property? As seen in cases cited, the separate debts of husband and wife may not be enforced against the community, but the debt here sought to be collected is not the separate debt of either Boegen or his wife, but their joint and several debt, and we know of no reason why the community should not pay the joint and several debts even though incurred before marriage.

The judgment is reversed and the cause remanded with directions to enter judgment for appellant.

McALISTER, C. J., and ROSS, J., concur.