266 P.2d 397

## VALLEY NAT. BANK OF PHOENIX
v.
## FULTON.
No. 5793.

Supreme Court of Arizona.

Feb. 8, 1954.

Rawlins, Davis, Christy, Kleinman & Burrus, Phoenix, for appellant.

Lewis, Roca & Scoville, Phoenix, Walter Cheifetz, Phoenix, for appellee.

UDALL, Justice.

This is an appeal under Section 21–1702 (6) A.C.A.1939, from an order of the court below quashing an order for the examination of judgment debtor Margaret M. Fulton,

The facts are as follows: On February 17, 1947, Southwest Quick Frozen Foods Corporation made, executed and delivered to J. C. Fulton and Margaret McKee Fulton, husband and wife domiciled in this state, its promissory note in the principal sum of $9,000, due six months after date. That same day, J. C. Fulton and Margaret McKee Fulton each endorsed said promissory note in blank and delivered it to the Valley National Bank of Phoenix in consideration of the sum of $9,000 paid to them by the bank. Thereafter, Phoenix Savings Bank & Trust Company brought suit against Southwest Quick Frozen Foods Corporation and J. C. Fulton and Margaret M. Fulton upon another note, in which action the Valley National Bank was made a party-defendant. The Valley National Bank filed a cross-complaint against its

co-defendants, Southwest Quick Frozen Foods and the Fultons, to recover on the $9,000 note.

On the 17th day of October, 1949, judgment was entered, which reads in part as follows:

"That said cross-plaintiff, the Valley National Bank of Phoenix have judgment against the cross-defendants, Southwest Quick Frozen Foods Corporation, *J. C. Fulton and Margaret McKee Fulton, and each of them,* for the sum of $8,200.00, together with interest thereon at the rate of six percent (6%) per annum from the 17th day of February, 1947, until paid; together with the further sum of $820.00 as and for said cross-plaintiff's attorneys' fees in this action." (Emphasis supplied.)

No appeal was ever taken from this judgment by the Fultons, and it must be regarded as a final adjudication of their joint and several liability to the Valley National Bank, to satisfy which their individual and community estate may be subjected to execution. Hirales v. Boegen, 61 Ariz. 210, 146 P.2d 352.

Special execution issued against certain personal property mortgaged by Southwest Frozen Foods Corporation to secure payment of the note, but after sale of the property there still remains upon the judgment an unpaid balance of $8,934.64.

James C. Fulton was adjudicated bankrupt by order of the United States District Court in and for the District of Arizona on December 12, 1949, and he was thereafter discharged from the obligation of his debts, including this judgment. Margaret M. Fulton did not join in the bankruptcy proceedings. On December 22, 1952, it was suggested to the court below that the judgment remained unpaid, that special execution did not bring sufficient funds to satisfy it, that a general execution had been returned wholly unsatisfied, and that James Fulton had secured a discharge in bankruptcy. On January 7, 1953, the Valley National Bank secured an order requiring the examination of the judgment debtor Margaret M. Fulton, to ascertain what property she might have subject to execution.

At the time set for hearing on the order, Margaret M. Fulton appeared by her attorney, Paul Roca, and moved to quash the order for the reason that her husband, J. C. Fulton, had secured a discharge in bankruptcy and that the debt represented by the judgment, and the judgment, were at all times community obligations, and the effect of the discharge in bankruptcy was to discharge this community debt.

Mr. Roca suggested that a stipulation might be in order to avoid the necessity of calling James C. Fulton. It was stated that Mr. Fulton's testimony would be that he and Margaret McKee Fulton were married in 1934 and lived in Phoenix since January,

1942, and that the obligation upon which the judgment was founded was a community obligation incurred in the course of Mr. Fulton's handling of the community.

The following colloquy occurred:

Mr. Rawlins, representing the Valley Bank, stated as follows:

"We admit it (meaning the note) is a community debt; it was incurred by the husband; that they were married prior thereto; or in substance what Mr. Roca told you.

"We see the question to be now: whether thereafter, and I think Mr. Roca will admit this, that Fulton was adjudicated bankrupt. That is, the husband was."

"Mr. Roca: You have alleged it in your affidavit."

"Mr. Rawlins: That the wife was not joined in the bankruptcy action and therefore we would be entitled to levy on any property she might have, their still being married, because she has not been discharged by. the simple act of her husband being adjudicated a bankrupt.

"In other words, the wife is not discharged from those debts without she joins in the bankruptcy petition.

"That is our position. * * *."

"Mr. Roca: I call your attention to the completely uniform adjudication on the point. If counsel stipulates to those facts I need no testimony, and the only fact we have before us is whether an adjudication of a husband as a bankrupt, and a discharge of community obligation, thereby such adjudication has the effect of discharging the wife who is not joined therein and also discharging her as to any separate property which she might have, if any. * * *." (Citing cases)

* * * * * *

"Mr. Roca: * * *. If as counsel said, he did not anticipate this defense, it might be preferable if he had sufficient time to look at these authorities.

"I think he probably will agree with me — —."

"Mr. Rawlins: Well, I have done such things. I would like —"

"The Court: Five days?"

It was thereupon ordered that the hearing be continued for ten days for the purpose of examining authorities and submitting briefs on the point.

It is the contention of Margaret M. Fulton that from the portions of the transcript above quoted there can be spelled out a stipulation that she was not individually liable upon the judgment entered in this cause. We do not believe that is a fair construction of the record. The whole purpose of the hearing was to ascertain what separate estate she might have, so that it might be applied to satisfaction of the judgment. Certainly an obligation may ex-

ist as an obligation of the community and of either or both of the spouses individually. Hirales v. Boegen, supra; Reid v. Topper, 32 Ariz. 381, 259 P. 397; Perkins v. First National Bank of Holbrook, 47 Ariz. 376, 56 P.2d 639; and Brown v. Brown, 58 Ariz. 333, 119 P.2d 938. The stipulation that the debt was a community obligation was but the pruning of an extraneous issue from the hearing, and it was not waiver or abandonment of the position that the judgment was the personal obligation of Mrs. Fulton. We find no merit to the appellee's contentions that the bank is repudiating its stipulation or asserting a theory on appeal different from that urged before the trial court.

■ On January 28, 1953, the court entered its memorandum opinion quashing the order for the examination of the judgment debtor Margaret Fulton. From this order the bank has appealed, relying upon the proposition that discharge of the husband in bankruptcy is discharge of his separate obligations and the community obligations, but emphatically not a discharge of the wife's separate obligations. With this we agree. To secure such a discharge from her individual liabilities, she would have had to subject her separate estate to administration in bankruptcy. Perkins v. First National Bank of Holbrook, supra; Kirkpatrick v. Harvey, 51 Cal.App.2d 170, 124 P.2d 367.

■ There is no question but that Margaret Fulton is individually liable on the judgment rendered in this action to the extent of her separate estate, and that the judgment is final. She not having secured a discharge in bankruptcy from such individual liability, and the judgment not having been satisfied, the liability remains.

It is the decision of this court that the court below erred in quashing the order for examination of the judgment debtor Margaret McKee Fulton.

Order set aside.

PHELPS, C. J., and STANFORD and LA PRADE, JJ., concur.

NOTE: Justice WINDES announced his disqualification to sit in this case and hence took no part in the determination thereof.