Jim **PRATER** and Evelyn Prater, his
wife, as a marital communi-
ty, Plaintiffs,

v.

**UNITED STATES of America and George
D. Patterson, Director of Internal
Revenue, Defendants.**

**Civ. No. 6260 Phx.**

United States District Court
D. Arizona.

May 26, 1967.

Dykes, Selden, Bayham & Fike, by Ed-
ward E. Selden, Phoenix, Ariz., for plain-
tiffs.

Richard C. Gormley, Asst. U. S. Atty.,
Phoenix, Ariz., for defendants.

## JUDGMENT AND ORDER

COPPLE, District Judge.

This is an action under Section 7426
(a) and (b) (1) of the Internal Revenue
Code of 1954, seeking relief from an al-
leged improper levy made by the Director
of Internal Revenue for the District of
Arizona. The facts are not in dispute.

As a result of a business enterprise, the
plaintiff Jim Prater failed to pay certain
Federal excise taxes for the fiscal years
1964 and 1965 in the approximate sum of
$1737.06. These taxes were payable by
the said plaintiff individually.

On February 9, 1966, Jim Prater mar-
ried the plaintiff Evelyn Prater. On
January 16, 1967, a notice of levy was
served on the Reliance Truck Company,
the employer of the plaintiff Jim Prater.
This notice was served with a notation
that it was attaching one-half of the com-
munity income of the plaintiff-husband.
Subsequent to this levy, Reliance Truck
Company paid the sum of $72.68 to the
Internal Revenue Service.

On or about January 17, 1967, a notice
of levy was served on one H. C. Charlie
Evins, with the same notation that it was
attaching one-half of the community in-
come of the plaintiff-husband. On or
about January 23, 1967, a check in the
sum of $61.96 was received from Mr.
Evins by the Internal Revenue Service
in response to the levy.

On or about February 14, 1967, the
plaintiffs, as a marital community,
brought this suit. The plaintiffs alleged
that the levies made upon their communi-
ty property were illegal for the reason
that, under the laws of the State of Ari-
zona, community property cannot be
taken or divided to satisfy a separate
debt of either spouse. The matter is
presently before the Court on the motion
of the defendant United States to dis-
miss the complaint and the cross-motion
of the plaintiffs for summary judgment
against the United States of America for
the sums obtained by it by virtue of the
levies on the Reliance Truck Company
and H. C. Charlie Evins.

Arizona Revised Statute, § 25–216,
subsec. B provides as follows:

"The community property of the hus-
band and wife is liable for the com-
munity debts contracted by the hus-

band during marriage unless specifically excepted by law."

Arizona courts have held that community property is not susceptible to liability for pre-marital debts of either spouse. Forsythe v. Paschal, 34 Ariz. 380, 271 P. 865 (1953); Barr v. Petzhold, 77 Ariz. 399, 273 P.2d 161 (1954).

■ Earnings of either spouse during marriage constitute community property. Shaw v. Greer, 67 Ariz. 223, 194 P.2d 430 (1948).

The Supreme Court of Arizona, however, has observed a distinction in the area of pre-marital obligations by differentiating contractual obligations and obligations arising by operation of law. In the case of Gardner v. Gardner, 95 Ariz. 202, 388 P.2d 417 (1964), the Supreme Court of Arizona considered the question whether the husband's alimony debt from a prior marriage could be allowed from the community property of his present marriage. The Court allowed such payment based on the distinction between an alimony obligation and a contracted debt, as well as on grounds of public policy.

In Ogelsby v. Poage, 45 Ariz. 23, 40 P.2d 90 (1935), the court had under consideration a question of what property of honorably discharged soldiers is exempt from taxation as provided for by the Arizona constitution. The court in that case allowed that the wife's share of the community property involved was subject to taxation. There does not appear to be a reported decision in this District on the precise point in question. Arizona has recognized the similarity of its community property laws with those of the State of Washington. In Cosper v. Valley National Bank, 28 Ariz. 373, at page 379, 237 P. 175 (1925), the court stated that the Arizona community property statutes are more analogous to the State of Washington than to any other.

■ In the case of Draper v. United States, 243 F.Supp. 563 (D.C.W.D. Washington 1965), the Federal District Court was faced with a complaint to quiet title to community funds levied on to satisfy assessment against wife for income taxes on premarital earnings and to quash the tax levy. The court in that case dismissed the complaint on the basis that state law allowed exceptions to the general rule of immunity on the basis of public policy, and that such an exception was needed in the case of public taxation. This Court is persuaded by the logic of that decision and therefore determines this matter in accord with it.

The complaint will be dismissed with prejudice and without costs. Counsel for the defendant will prepare an order in compliance herewith for presentation to the Court.