532 P.2d 191

**Kingston McKEE, Appellant,**

**v.**

**Norman B. CONKLE and American Hotel Company, Garnishee, Appellees.**

**No. I CA–CIV 2456.**

Court of Appeals of Arizona, Division 1, Department A.

Feb. 18, 1975.

Rehearing Denied March 26, 1975.

Review Denied April 22, 1975.

Beer, Kalyna & Simon by Olgerd W. Kalyna, William J. Simon, Phoenix, for appellant.

Rawlins, Ellis, Burrus & Kiewit by H. J. Lewkowitz, Timothy C. Westfall, Phoenix, for appellees.

OPINION

OGG, Presiding Judge.

The question presented in this appeal is whether a "new" community is liable for the premarital debts of individual spouses incurred prior to September 1, 1973. The case was presented to the trial court on the following stipulated facts:

"(1) Defendant NORMAN B. CONKLE is a resident of Maricopa County, Arizona;

(2) NORMAN B. CONKLE married Shirley Head Conkle on February 17,

1952, and was divorced from Shirley Head Conkle on June 4, 1968.

(3) NORMAN B. CONKLE married Bonnie June Mautz on June 8, 1968, in Saltillo, Coahuila, Mexico.

(4) Plaintiff [Kingston McKee] obtained a judgment against defendant NORMAN B. CONKLE in the State of California on July 11, 1969, which is the basis for the judgment entered against defendant on October 8, 1970.

(5) Plaintiff's judgment as aforesaid arises out of acts that occurred prior to the establishment of marital community of NORMAN B. CONKLE and Bonnie Conkle.

(6) As garnishee, AMERICAN HOTEL COMPANY is indebted to defendant in the amount of $29,000.00 and defendant owns 26,000 shares in garnishee defendant, AMERICAN HOTEL COMPANY, which said property is community property of the marital community of NORMAN B. CONKLE and Bonnie Conkle.

(7) That the issue to be determined by the court is whether or not the marital community of NORMAN B. CONKLE and Bonnie Conkle is liable for the satisfaction of plaintiff's judgment (AR 10–12)."

The trial court determined that the marital community of Norman and Bonnie Conkle was not liable for the satisfaction of plaintiff McKee's judgment. We affirm.

■ Appellant McKee concedes that "decisions of the Supreme Court of this state have indicated that a new community is not liable for premarital debts of individual spouses." The general principle to which appellant refers is clearly pronounced in Arizona decisional law. See, e. g., Forsythe v. Paschal, 34 Ariz. 380, 271 P. 865 (1928); Cosper v. Valley Bank, 28 Ariz. 373, 237 P. 175 (1925). Appellant contends, however, that inroads into this principle have been made. Prater v. United States, 268 F.Supp. 754 (D.C.Ariz. 1967); Hirales v. Boegen, 61 Ariz. 210, 146 P.2d 352 (1944); Oglesby v. Poage, 45 Ariz. 23, 40 P.2d 90 (1935). Upon a review of the cited cases we are of the opinion that they are not inroads on the general principle, but exceptions to it. These exceptions are premised upon policy grounds not present in this case.

Appellant also urges that the fairly recent enactment of § 25–215B, Ariz.Rev. Stat.Ann., which states,

"B. The community property is liable for the premarital separate debts or other liabilities of a spouse, *incurred after September 1, 1973* but only to the extent of the value of that spouse's contribution to the community property which would have been such spouse's separate property if single." [Emphasis added],

should be the impetus for this court to overrule prior Supreme Court decisions.

■ There are two reasons why we are unable to do so. First, § 25–215B clearly applies to those debts incurred after September 1, 1973; furthermore, a statute will not be given retroactive effect unless the Legislature so intended. State v. Stone, 104 Ariz. 339, 452 P.2d 513 (1969); Krucker v. Goddard, 99 Ariz. 227, 408 P.2d 20 (1965). In the case before us there is no contention that the debt was incurred after September 1, 1973, nor can it be seriously contended that this statute was intended to be applied retroactively. *See* § 1–244, A.R.S. Second, even if appellant McKee's argument is persuasive, this court is unable to depart from prior decisions of our Supreme Court. McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968).

The judgment of the trial court is affirmed.

DONOFRIO and WREN, JJ., concur.