**424**

542 P.2d 1123

**Dura MAJEWSKI, Appellant,**

v.

**Gordon EYRE and Rose Eyre, husband and wife, Appellees.**

**Dura MAJEWSKI, Appellant,**

v.

**Jerry ANDREATOS, Appellee.**

**No. 12009.**

Supreme Court of Arizona,
In Division.

Nov. 19, 1975.

Stevenson, Warden & Smith, by Jerry L. Smith, Flagstaff, for appellant.

J. R. Babbitt, Flagstaff, for appellees.

CAMERON, Chief Justice.

Appellant, Dura Majewski, appeals from the action of the trial court in denying motions to quash general executions involving two judgments against her.

We have only one question to answer in these appeals and that is: Is the separate property of the appellant liable for the judgments obtained against her and her former husband?

The facts necessary for a determination of this matter on appeal are as follows. Appellant was married to Alfred Majewski in 1958 and was divorced from him on 12 July 1972. On 4 April 1966 appellant and her husband signed a promissory note in favor of Jerry Andreatos in the amount of $15,000. In June of 1966 appellant and her husband signed a memorandum agreement for the purchase of a restaurant in Flagstaff, Arizona. The parties to the agreement were: Gordon Eyre and Rose Eyre, husband and wife, as sellers; Al Majewski and Dura Majewski, husband and wife, as buyers.

In December of 1968 in Coconino County Superior Court, case No. 24432, Jerry Andreatos sued Albert Majewski and Dura Majewski upon the promissory note. The defendants answered alleging lack of consideration. Judgment was filed in favor of Andreatos on 28 March 1969 and said judgment was not otherwise appealed.

In January of 1969 suit was brought in Coconino County Superior Court by Gordon Eyre and Rose Eyre against Alfred Majewski and Dura Majewski upon the agreement for sale, case No. 24467. The defendant answered also contending *inter alia* lack of consideration. Judgment in this suit was filed 28 June 1971.

In August of 1972 general executions were issued in the case of *Gordon Eyre and Rose Eyre v. Majewski,* Superior Court No. 24467 and in the case of *Andreatos v. Majewski,* Coconino County Superior Court No. 24432. Motions to quash general executions in both cases were filed and denied, and from the denial of the motions appellant brings this appeal. The

two actions were consolidated in the Court of Appeals before transfer to this court pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

It is conceded for purposes of argument that the property executed upon in this case was the sole and separate property of the appellant, Dura Majewski. It is also conceded for the purposes of argument in this case, that Dura Majewski's separate estate did not benefit from either the promissory note or the agreement which she signed.

Appellant contends that since the house and motel were the separate property of the appellant they are not subject to execution for what is contended by appellant to be the separate debt of the former husband. We believe that appellant confuses the issue by injecting the question of community property. When a person signs an agreement or a note, that person, absent a valid defense, becomes individually responsible for obligations created by the agreement or the repayment of that note. We have stated:

> "There is some question as to whether the $5,000 note and mortgage signed by the husband and wife was a community debt or the separate debt of the husband, but we think that it makes no difference since, when the wife signed the note jointly with her husband, she became obligated equally with him for its payment. It might be that if it were a community debt, it would be a first charge against the community property but, if the community were unable to pay the note, then the separate property of the signers would be obligated to pay it." *Brown v. Brown,* 58 Ariz. 333, 337, 119 P.2d 938, 940 (1941).

Appellant cites numerous cases in Arizona where we and the Court of Appeals have held that an obligation signed by the husband individually is not a liability against the separate property of the wife or even the community property. *Cosper v. Valley Bank,* 28 Ariz. 373, 237 P. 175 (1925); *Payne v. Williams,* 47 Ariz. 396,

56 P.2d 186 (1936); *Kreiss v. Shipp,* 14 Ariz.App. 113, 481 P.2d 284 (1971); *Union Bank v. Pfeffer,* 18 Ariz.App. 386, 502 P.2d 535 (1973). We do not believe these and other cases cited are applicable to the facts in this case.

The appellant-wife signed the note and the agreement with her husband. They then became jointly and severally liable and both the community property as well as the separate property of the husband and wife may be reached in satisfaction of the debt. *Brown v. Brown,* supra; *Valley National Bank v. Fulton,* 77 Ariz. 11, 266 P.2d 397 (1954).

Orders denying the motions to quash general executions are affirmed.

HAYS, and HOLOHAN, JJ., concurring.