**H.T. GENNINGS, a/k/a Slim Gennings, Appellant (Defendant),**

v.

**FIRST NATIONAL BANK AT THERMOPOLIS, Appellee (Plaintiff).**

No. 5747.

Supreme Court Wyoming.

Nov. 17, 1982.

James M. Guill of Goppert, Day & Olson, Cody, signed the brief and appeared in oral argument on behalf of appellant.

Wade E. Waldrip of Waldrip & Voigt, Rawlins, signed the brief and appeared in oral argument on behalf of appellee.

Before ROSE, C.J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

RAPER, Justice.

From a summary judgment in an action on a promissory note granted First National Bank at Thermopolis (appellee), H.T. Gennings (appellant) appeals.

Appellant frames the issues to be:

1. "[Whether] the district court erred in determining that there were no genuine issues of material fact and that appellee was entitled to judgment as a matter of law."

2. "Whether or not the promissory note in question had been affected by misappropriation of funds at First National Bank at Thermopolis was a genuine issue of material fact."

3. "Whether or not appellee failed to collect monies to which it was entitled under the accommodation agreement for obligations evidenced by the promissory note was a genuine issue of material fact."

We will affirm.

On December 10, 1976, appellant, as co-maker, signed his son's promissory note payable to appellee, payee, in the sum of $36,430. Appellant's son defaulted on the payments. Action thereon for recovery of principal, interest, and attorney fees was filed in the district court. Appellant answered alleging he had signed as surety only and had received none of the funds the note represented as borrowed; there were irregularities in appellee's loan operation; there had been improper accounting; and he prayed that the complaint be dismissed.

The supporting affidavits to appellee's motion for summary judgment alleged that appellee's bank records disclosed no payments on the note had been made, other than $3,037.60, paid as a bankruptcy settlement when appellant's son was declared bankrupt, and other adjustments. Appellant's responsive affidavit asserted that he signed the note as surety; that the note was "tainted by the misappropriation of funds" by an officer and an employee of the bank; and that an "Accommodation Agreement" had been signed by a representative of the appellee as a creditor of appellant's son, who also signed, whereby the son agreed to pay three cents (3¢) on every gallon of gasoline delivered by the Nielsen Oil Company to the tank wagon driver or allow it to be added to the son's bill for gasoline delivered by Nielsen, for payment thereafter to appellee. The proprietor of the Nielsen Oil Company executed an affidavit stating that it had collected nothing on the accommodation agreement.

■ While there are many rules governing disposition of litigation on a motion for summary judgment, capsulized in *Moewes v. Farmer's Insurance Group,* Wyo., 641 P.2d 740 (1982), the most applicable one in this case is that, for purposes of ruling on a motion for summary judgment, the materials relied upon to demonstrate that a genuine issue of material fact is present must be admissible in evidence; inadmissible matter cannot be considered. *Laird v. Laird,* Wyo., 597 P.2d 463 (1979); *Hunter v. Farmers Insurance Group,* Wyo., 554 P.2d 1239 (1976); *Johnson v. Soulis,* Wyo., 542 P.2d 867 (1975).

It is incumbent upon the appellant to come forward with not only competent evidence but also specific facts in opposition to those set forth by appellee, as the movant for summary judgment, if there is to remain a genuine issue of fact for trial. Rule 56(e), W.R.C.P., provides:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond summary judgment, if appropriate, shall be entered against him."

*In re Wilson's Estate,* Wyo., 399 P.2d 1008 (1965); *Lieuallen v. Northern Utilities Company,* Wyo., 368 P.2d 949 (1962).

■ Summarizing then what is before the court, the execution of the note by

appellant is admitted.[1] The appellee set out by affidavit positive facts showing, from its records, how the face amount of the note was determined, along with credits and the balance due, including accrued interest. The affidavit was based on admissible evidence. Affidavits in support of attorney's fees founded on admissible evidence having specificity were also filed.

On the other side of the summary judgment ledger, the appellant's affidavit dealt in generalities. At one point it stated that appellant's son had advised him that appellee had taken security from him in the form of assignment of book debts and "held security on the inventory of said Thomas Gennings." There were no statements of what exactly the assignments were and how much appellee realized from them. There is no showing of any effort being made to depose bank officers, or employees, or both to discover anything of a specific nature in that regard or what had been realized by appellee from any such security. There is nowhere an affidavit of appellant's son that there were other credits to be applied to the note. The statement was no more than inadmissible hearsay.

The appellant, other than stating there was an "Accommodation Agreement," could produce nothing that would point to a credit from that source. He produced none of his son's business records which would establish any credit entitlement on the promissory note other than those shown on the appellee's affidavit.

■ The most improper and speculative of assertions in the affidavit of appellant were those dealing with the purported misappropriation of funds by a bank officer and employee. No connection of a specific nature between any such act and the matter at hand is offered. Appellant's affidavit stated that "I believe" and "I have been informed" that because of such misappropriation, credits to the note had not been made. Categorical assertions of ultimate facts may not be used to defeat a motion for summary judgment. *Maxted v. Pacific Car & Foundry Co.,* Wyo., 527 P.2d 832 (1974).

■ The summary judgment movant has the initial burden of establishing by admissible evidence a prima facie case. Once this is accomplished, the burden shifts and the opposing party must show that there is a genuine issue of material fact. *Moore v. Kiljander,* Wyo., 604 P.2d 204 (1979). Appellant has failed in his burden.

Affirmed.

---

1. The maker of a note, absent a valid defense, becomes individually responsible for its repayment. *Majewski v. Eyre,* 112 Ariz. 424, 542 P.2d 1123 (1975). Where an instrument does not specify otherwise, a person who along with another signed a note in the lower right corner on lines for signatures of makers was liable as a maker. *Riley v. First State Bank, Spearman,* Tex.Civ.App., 469 S.W.2d 812 (1971); § 34–21–350, W.S.1977 (§ 3–413, U.C.C.).

One who has signed in the capacity of a maker is liable in that capacity even though signing as an accommodation. Section 34–21–352(b), W.S.1977 (§ 3–415(2), U.C.C., official comment). See, *White v. Household Finance Corporation,* 158 Ind.App. 394, 302 N.E.2d 828 (1973); *Wohlhuter v. St. Charles Lumber & Fuel Co.,* 25 Ill.App.3d 812, 323 N.E.2d 134 (1975), aff'd 62 Ill.2d 16, 338 N.E.2d 179, 93 A.L.R.3d 1278.