2003 WY 33

**R. Jay and Twyla K. OWSLEY, husband and wife, Appellants (Defendants),**

v.

**Edward W. and Joyce E. ROBINSON, husband and wife, Appellees (Plaintiffs).**

No. 02–104.

Supreme Court of Wyoming.

March 6, 2003.

William R. Shelledy, Jr. of Scott, Shelledy and Luhm, P.C., Worland, Wyoming, Representing Appellants.

Kevin D. Huber of Williams, Porter, Day & Neville, P.C., Casper, Wyoming, Representing Appellees.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1] Appellants R. Jay and Twyla K. Owsley appealed from the district court's summary judgment voiding their road easement across property owned by Appellees Edward W. and Joyce E. Robinson. The district court concluded the Owsleys' predecessor-in-interest did not have authority to grant the road easement because the property had already been dedicated to public use as a utility easement. We conclude the district court erred by ruling the property was dedicated to public use and, consequently, reverse.

## ISSUES

[¶ 2] The Owsleys state the issue for review as follows:

> Whether the owner of a subservient estate to a platted utility easement is prohibited from additionally burdening said estate with a subservient easement which is not inconsistent with the uses permitted by the initial easement?

The Robinsons restate the issues on appeal as follows:

1. Was the [Owsleys'] Notice of Appeal timely filed? [1]

2. Was the District Court correct in ruling as a matter of law that the grant of the easement to the [Owsleys] was void?

## FACTS

[¶ 3] Russell and Hazel Sorenson owned real property in Hot Springs County. On September 3, 1987, they filed an official plat with the county clerk. The plat created three separate tracts of land collectively referred to as the Sorenson Tracts and individually labeled as Tracts 1, 2, and 3. The plat also identified three easements: (1) a twenty-foot wide utility easement along the western side of Tract 2 (Easement A); (2) a fifteen-foot wide road and utility easement along the southern side of Tracts 2 and 3 (Easement B); and (3) a thirty-foot wide utility easement along the eastern boundary of Tract 3 (Easement C). The general notes on the plat stated in relevant part: "The utility easements shown hereon are intended for all utilities, including but not limited to, electric, telephone, cable television, water, sewer and gas service lines and facilities."

[¶ 4] The Sorensons conveyed Tracts 2 and 3 to Theodore Fisher. The deed expressly restated Easements A and B and granted an additional fifteen-foot wide easement for road and utility purposes south of the southern boundary of Tracts 2 and 3 on other property owned by the Sorensons (Easement D). On April 13, 1991, Mr. Fisher sold Tract 3 to the Owsleys. The Owsley/Fisher deed restated Easements A, B, and D. The deed also included

> a non-exclusive easement 20 feet in width along the West side of Tract 2 of the Sorens[o]n tracts, Town of East Thermopolis, Hot Springs County, State of Wyoming, for a road and utility easement [ (Easement E) ], and which is shown on the official plat of Sorens[o]n Tracts, Town of East Thermopolis, filed in the Office of the Hot Springs County Clerk and Ex Officio Register of Deeds, said easement shall be used in connection with the above

---

1. This issue was previously decided in an order denying the Robinsons' motion to dismiss the appeal and will not, therefore, be revisited here.

described real property and be appurtenant to said real property. Grantees, in accepting said easement, agree[ ] to use the same in a careful and prudent manner.

Easement E was, therefore, granted for the same portion of Tract 2 which was encumbered by Easement A.

[¶ 5]   On November 27, 1995, Mr. Fisher conveyed Tract 2 to the Robinsons. The Robinsons objected to the Owsleys' use of Easement E as a driveway and, accordingly, filed an action seeking a declaratory judgment as to the validity of the easement and to quiet title. The parties filed cross-motions for summary judgment. After a hearing, the district court granted the Robinsons' summary judgment motion. The district court specifically ruled that, pursuant to Wyo. Stat. Ann. § 34–12–104 (LexisNexis 2001), the recording of a plat is the equivalent of granting the public a fee simple interest in the portions set aside for streets or other public use. The court held, therefore, that the Sorensons did not have authority to grant the Owsleys a road and utility easement over the land which was formerly dedicated as a utility easement on the plat map. The district court ruled Easement E was void and the Robinsons were entitled to a judgment as a matter of law. The Owsleys appealed after the district court denied their motion to reconsider.

## DISCUSSION

[¶ 6]   The Owsleys contend the district court erroneously granted summary judgment in favor of the Robinsons. In particular, the Owsleys claim the district court's determination that Easement A was dedicated to public use and the filing of the plat created a fee simple interest in favor of the public on the property covered by Easement A was incorrect. They maintain the grant created a mere easement and it was, therefore, within the rights of the servient property owner to grant another easement on the same property so long as the grant did not interfere with the rights of the dominant estate.

[¶ 7]   Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. W.R.C.P. 56(c). The court considers the record in the perspective most favorable to the party opposing the motion and gives that party the benefit of all the favorable inferences which may be fairly drawn from the record. *Anderson v. Solvay Minerals, Inc.,* 3 P.3d 236, 238 (Wyo.2000). A material fact is any fact that, if proved, would have the effect of establishing or refuting an essential element of a claim or defense asserted by a party. *Hasvold v. Park County School District Number 6,* 2002 WY 65, ¶ 11, 45 P.3d 635, ¶ 11 (Wyo.2002); *Century Ready–Mix Company v. Campbell County School District,* 816 P.2d 795, 799 (Wyo.1991). We review questions of law de novo. *Hasvold,* 2002 WY 65, ¶ 11, 45 P.3d 635, ¶ 11.

[¶ 8]   The district court ruled that, pursuant to § 34–12–104, the public owned a fee simple interest in the property covered by Easement A. Section 34–12–104 states:

The acknowledgement and recording of such [subdivision] plat, is equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets, or other public use, or is thereon dedicated to charitable, religious or educational purposes.

[¶ 9]   The plat identified Easement A as a utility easement and stated the utility easements identified on the plat were "intended for all utilities." In ruling that the public held a fee simple interest in Easement A, the district court necessarily determined the plat "set apart [Easement A] for . . . other public use." Section 34–12–104.

[¶ 10]   The dedication of property by filing a plat is known as statutory dedication. *Town of Moorcroft v. Lang,* 761 P.2d 96, 98 (Wyo.1988), *reh'g granted,* 779 P.2d 1180 (Wyo.1989). A dedication of property is defined as

the devotion of property to a public use by an unequivocal act of the owner, manifesting an intention that it shall be accepted and used presently or in the future. The intention of the owner to dedicate and acceptance thereof by the public are the essential elements of a complete dedica-

tion. Thus it is vital to a dedication of property to public use that it is to be forever and irrevocable after acceptance, and that it be for a public use.

11 Eugene McQuillan, The Law of Municipal Corporations § 33.02 at 636 (3d ed.1983), *quoted in Sare v. Sheridan County Board of County Commissioners,* 784 P.2d 593, 595 (Wyo.1989); *City of Evanston v. Robinson,* 702 P.2d 1283, 1286 (Wyo.1985). " 'The intention of the owner to set aside lands or property for the use of the public is the foundation and life of every dedication.' " *Lang,* 761 P.2d at 99 (quoting *City of Phoenix v. Landrum & Mills Realty Co.,* 71 Ariz. 382, 227 P.2d 1011, 1013 (Ariz.1951)). Thus, it is critical to a valid dedication that the owner intends to dedicate the property to public use.

[¶ 11] As is apparent from the plain language of § 34–12–104, the primary application of the statute is in the dedications of streets, alleys, and other means of access. In fact, until now, every one of our cases applying the statute addressed access issues. *See, e.g., Sare,* 784 P.2d at 595; *Town of Moorcroft v. Lang,* 779 P.2d 1180, 1184 (Wyo. 1989); *Lang,* 761 P.2d at 99; *Robinson,* 702 P.2d at 1286; *Ruby Drilling Co., Inc. v. Billingsly,* 660 P.2d 377, 380 (Wyo.1983). In those cases, the intent to dedicate at least the surface of the property to public use for access was apparent. *Id.* Other examples of typical dedications for public use include dedications for cemeteries, schools, bridges, and parks. *Lang,* 761 P.2d at 99.

[¶ 12] We are faced in this case with the question of whether the identification of Easement A on the plat as a utility easement amounts to a dedication of that property to public use. We look first to the plain language of the plat. *See generally Sare,* 784 P.2d at 594. The plat identifies Easement A as a "utility easement." The easement is contained within Lot 2 and not set aside as a separate parcel. The plat does not indicate the Sorensons intended to dedicate the area to the use of the general public but indicates they only intended to allow use of the easement for utility purposes. Therefore, the clear and unambiguous language of the plat

seems to indicate the Sorensons intended to grant a simple utility easement.

[¶ 13] The Alaska Supreme Court addressed a similar issue in *Chugach Electric Association, Inc. v. Calais Company,* 410 P.2d 508 (Alaska 1966). That court stated public areas and open spaces, which are often dedicated to public use by plat, are by their nature "subject to being used by the public at large, and not merely by a particular segment of the public." 410 P.2d at 510. In contrast, utility easements are not "subject to general or common use by the public at large, but only by a limited number of persons or corporations who are engaged in the business of providing public utility services for the residents of [a particular subdivision]." *Id.* Thus, utility easements are "public" only to the extent they are used by a few residents of the subdivision who are members of the public and are specifically entitled to derive benefits from the utility easement. *Id.* Residents making use of a utility easement do not use that easement in the same manner as they would use areas typically regarded as public, such as streets, alleys, and parks. *Id.*

[¶ 14] We conclude, therefore, the utility easements identified in the Sorenson plat were not set apart for public use. Consequently, Easement A is subject to our general rules pertaining to easements. An easement is " 'an interest in land which entitles the easement holder to a limited use or enjoyment over another person's property.' " *Hasvold,* 2002 WY 65, ¶ 13, 45 P.3d 635, ¶ 13 (quoting *Mueller v. Hoblyn,* 887 P.2d 500, 504 (Wyo.1994)). Provided the easement does not clearly indicate it is exclusive to the dominant owner, the owner of the servient estate retains the right to use the easement area. *Mueller,* 887 P.2d at 504; *Wilkoske v. Warren,* 875 P.2d 1256, 1258 (Wyo.1994). The servient owner's use of the easement area must not, however, interfere with the dominant use as articulated in the easement language. *See Hasvold,* 2002 WY 65, ¶ 13, 45 P.3d 635, ¶ 13; *Mueller,* 887 P.2d at 504. In other words, "[b]oth owners possess rights and each must as far as possible respect the other's use." *Bard Ranch Company v. Weber,* 557 P.2d 722, 730 (Wyo.1976).

[¶ 15]   Mr. Fisher granted Easement E to the Owsleys in the 1991 deed.   The easement was expressly made appurtenant to Tract 3. Accordingly, Tract 3 was the dominant estate, and Tract 2 was the servient estate.   The Robinsons were, therefore, on notice when they purchased Tract 2 that Easement E burdened it.   The record does not contain any indication that the Owsleys used the easement in a manner inconsistent with the grant.   In other words, there is no evidence that the Owsleys' use of the easement exceeded the scope of the easement or caused an undue burden upon the Robinsons' servient estate.   As long as the Owsleys use the easement in the manner allowed by the grant in the Fisher/Owsley deed, the Robinsons may not limit the Owsleys' use of Easement E.

[¶ 16]   Having reached the conclusion that the utility easements in the Sorenson plat were not set aside for public use, we must also conclude the Robinsons could not maintain an action for a judgment declaring the easements were set aside for public use. This is so because, if the easements were set aside for public use, the public authority would hold title to the easements in trust for the public's benefit and the Robinsons would have no individual possessory interest in the easements and thus no standing to contest the Owsleys' use of Easement E. *Ruby Drilling Co., Inc.,* 660 P.2d at 381; *Morad v. Brown,* 549 P.2d 312 (Wyo.1976).

[¶ 17]   Reversed.